## SUPREME COURT.

J. FISHER SATTERTHWAITE, respondent, agt. GEORGE VREELAND
and others, appellants.

*Broker's commissions on sale of real estate, when not allowed.*

Where, by a contract with the owner of real estate, the broker is bound to
sell at a given price and within a limited time, if he does not sell for that
price and within that time the contract is at an end, and the owner may
then sell the property to a purchaser procured by the broker, at a less
price and free from the broker's commissions.

*First Department, General Term, October,* 1874.

APPEAL from judgment and from order denying motion
for new trial, made upon the minutes of the justice holding
the circuit.

*John Chetwood,* for appellants.

*F. R. Coudert,* for respondent.

DANIELS, *J.* — The plaintiff recovered a verdict for com-
missions on the purchase-price of a farm of 115 acres, conveyed
by the defendants to Samuel W. Torrey, for the consideration
of $1,200 an acre. It had been in the plaintiff's hands, as a
real estate broker, for sale, previous to the time when the
defendants finally sold it, and his evidence was that it remained
in that condition when the sale was made. But, according to
his own statement, his employment was to sell at a particu-
larly specified price, which was changed during the time he

was employed, but never reduced to $1,200, the sum per acre for which the sale was finally made. The price at which he was first empowered to sell was $1,500 an acre, and, on the 25th day of September, 1869, that was reduced, by a written option for ten days, to the sum of $1,385 an acre; and, on the 21st day of July, 1870, the option was revived and extended, in writing, for the period of thirty days. These were the only changes shown upon the trial in the price for which the plaintiff was authorized to sell the farm, and no sale was agreed upon, and no purchaser procured who was willing to purchase the farm at either of those prices.

From these facts, which are shown by the evidence which the plaintiff himself gave as a witness, he had no authority, at any time, to contract for the sale of the farm at a less price than $1,385 an acre. That was the lowest sum for which he was ever authorized to make the sale; and his right to sell for that, or for anything less than the price of $1,500 an acre, the price originally fixed, was extinguished by the expiration of the thirty days for which the option was extended, before the defendants sold it to Torrey for $1,200 an acre.

A sale for the price at which the plaintiff was empowered to sell was in the nature of a condition, on which his right to commissions was, by the terms of his employment, rendered dependent. If he procured a purchaser for either of such sums during the time in which he was at liberty to accept the one or the other, then his commissions would be earned, and a right of action created for their recovery. But until he did that, as long as he was not interfered with during the period fixed within which the sale could be made for the smaller sum, no such right accrued to him. To maintain a claim by him for his commissions, it was necessary that he should be able to show that he had either procured a purchaser for the property at the price he was empowered to sell, or that the defendants had deprived him of the opportunity to do so while the privilege of selling for the smaller sum continued to exist. For, by the unwritten or general employment, no

time whatever was fixed or designated during which the plaintiff was authorized to sell at $1,500 an acre. That bound the defendants, as owners, for no particular period of time, and for that reason it could not prevent them from making a *bona fide* sale of the farm at a less sum, in case they elected to do so, without incurring any liability for commissions to the plaintiff. All that he was entitled to under that employment was a reasonable opportunity to find a purchaser at $1,500 an acre. And after he had failed to do so, and proved unable to sell for the smaller sum during the period specified for that purpose, the defendants were at liberty to sell for less, without becoming liable to the plaintiff for commissions. That resulted directly from the terms of the employment, and their right to dispose of the property owned by them. They in no manner abridged or restrained their own right to sell unless the plaintiff could sell for one or the other of the prices he was authorized to receive under the terms of his employment. By making a sale on such terms while the authority continued, he would become entitled to his commissions; but as he failed to do that, no right to them was created. Such were the plain terms of his employment, and as long as he failed to perform them, the defendants were under no obligation to pay him what they had agreed to, only as a compensation for performance. That was the import of the contract under which he was employed, and the propriety of the consequence deduced from it is sustained by authority (*Jacobs* agt. *Kolff*, 2 *Hilton*, 133; *Holley* agt. *Townsend*, 16 *How. P. R.*, 125; *Barnard* agt. *Monnot*, 33 *id.*, 440; *Doty* agt. *Miller*, 43 *Barb.*, 529; *Briggs* agt. *Rowe*, 4 *Keyes*, 424). These cases, as well as those relied upon by the plaintiff, require that the broker shall find a purchaser at the price for which he has been authorized to sell, where a specific price may be fixed, before he can lawfully demand his compensation, when he has not been prevented from doing so by any improper interference of the owner during the time in which he was allowed to affect the sale. The relation is one of contract,

requiring the application of the same legal principles as control the rights of parties under other similar agreements.

The plaintiff not only did not sell for either of the prices designated, but beyond that it did not appear that there was the least probability of his ever doing so; and as long as that was the case, and by the general terms of his employment no time was fixed during which he could have the privilege of selling after the last written option expired, the defendants themselves were under no obligation preventing them from selling their farm for a lower price, as that was not a mere device to avoid the payment of the plaintiff's compensation; and that it was not a device of that nature was clearly shown upon the trial. For Torrey, who was called as a witness and examined on the plaintiff's behalf, testified that he positively refused to buy the farm of the plaintiff at the lowest price for which he was authorized to sell; and that of his own motion he afterward applied to and negotiated with the defendants for its purchase, and finally obtained it at the price of $1,200 an acre, which was $185 less per acre than the smallest sum at which they authorized the plaintiff to sell it. This evidence was uncontradicted, and as long as it was in no respect improbable, neither the court nor the jury was at liberty to reject it as unworthy of belief (*Newton* agt. *Pope*, 1 *Cowen*, 109; *Dolsen* agt. *Arnold*, 10 *How. P. R.*, 528; *Somer* agt. *Meeker*, 25 *N. Y.*, 361; *White* agt. *Stillman*, *id.*, 541).

The evidence was insufficient to warrant a verdict in the plaintiff's favor, and the defendants' motion for a new trial ought, for that reason, to have been successful. This particular point was not presented on the motion for a nonsuit, nor in any request made to charge; and, as it is the only one on which the plaintiff's case was defective, and the legal theory of the charge was correct, the relief to which the defendants are entitled is to have the verdict set aside.

The order appealed from should, therefore, be reversed, with costs of the appeal to abide the event, and a new trial

Satterthwaite agt. Vreeland.

ordered, on payment by the defendants of the plaintiff's costs and disbursements on the trial already had.

DAVIS, P. J., and LAWRENCE, J., concurred.

NOTE. — This seems to be a pretty close case. . See the case of *Sussdorf* agt. *Schmidt* (55 *N. Y.*, 319), where CHURCH, C. J., says: " The undertaking of the broker is to make efforts to procure a purchaser, but if he fails he is entitled to no pay unless there is a special contract. But if the purchaser is found by his efforts and through his instrumentality, he is entitled to compensation, although the owner negotiates the sale himself (51 *N. Y.*, 124)." See also *Mooney* agt. *Elder* (56 *N. Y.*, 238). Here Torrey was the purchaser procured by the broker, who negotiated with the defendants, the owners, for the puchase of the property at a less sum than the plaintiff was authorized to sell it for.' The plaintiff, therefore, being the procuring cause of the sale, it would seem unjust to deprive him of his commissions. —[REP.