# Edward Goodridge et al.
## v.
## Jesse Holladay.

1. BROKER—COMMISSIONS.—A broker who undertakes to sell property for a certain commission when he finds a purchaser able and willing to purchase at the price fixed, has earned his commission although the sale is never completed, if the failure to complete it is in consequence of a defect of title, and without any fault on the part of the broker.

2. SAME.—The fact that the purchaser insisted upon the insertion of a clause in the contract referring the question of title to the opinion of his lawyer, which was agreed to by the seller, does not change the right of the broker to his commission.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed February 23, 1886.

Mr. EDWARD F. COMSTOCK, for appellants; cited Simonsons v. Kissick, 4 Daley (N. Y.), 145; Pratt v. Hotchkiss, 10 Bradwell, 603; Doty v. Miller, 43 Barb. 529; Knapp v. Wallace, 41 N. Y. 477.

Mr. A. H. ROBINSON, for appellee; that the transaction must be completed before commissions are earned, cited Wharton on Agency, § 325; Story on Agency, § 329; Power v. Kane, 5 Wis. 265; Earp v. Cummins, 54 Pa. 394; Fraser v. Wyckoff, 63 N. Y. 448.

BAILEY, P. J. This was a suit brought by Jesse Holladay against Edward Goodridge and others, before a justice of the peace, and taken by appeal to the circuit court, where a trial was had before the court, a jury being waived, and a judgment rendered in favor of the plaintiff for $100 and costs.

The defendants are real estate brokers doing business in Chicago, and the evidence shows that in the year 1883 the plaintiff put into their hands for sale a certain lot in Chicago, and agreed with them that, upon making sale of said lot for

$6,250, as the plaintiff testifies, or, if they found a purchaser of the lot at that price, as Goodridge testifies, he would pay them for such service the sum of $100. The defendants afterward reported to the plaintiff that they had a purchaser named Botto, and brought to the plaintiff for his signature a draft of a contract for the sale of said lot to Botto, which contract, after acknowledging the receipt of $250 on account of the purchase money, provided, in substance, for the payment by Botto of the remaining $6,000 within thirty days from the date of the contract, and within five days after the delivery of the abstract of title for examination, and for the execution and delivery by the plaintiff, on such payment being made, of a good and sufficient warranty deed ; but providing further that upon the failure by Botto to perform on his part within the time specified, said $250 was to be forfeited, and applied in payment for commissions and services rendered. At the close of the document was the following clause: " Should the title to the said property not be good, then the $250 will be refunded."

The plaintiff signed the contract, but on its being presented to Botto, the latter insisted upon the insertion of a modification in the last clause, so as to make it read as follows: " Should the title to the said property not be good in the opinion of W. T. Burgess, then the $250 will be refunded." This suggested modification of the contract was reported by the defendants to the plaintiff, and he thereupon wrote said words in it and returned it to the defendants, who presented it to Botto and obtained his signature thereto, and also received payment from Botto of said $250, and after retaining $100 for their commissions, paid over the residue to the plaintiff.

Mr. Burgess examined the abstract and gave his opinion that the title was defective. On that opinion Botto declined to proceed with the purchase, and the plaintiff, in pursuance of the terms of the contract, paid back to him the $250. This suit is brought to recover from the defendants the $100 retained by them for their commissions.

There is no substantial conflict in the evidence as to the services which the plaintiff employed the defendants to per-

form.   Their undertaking was "to sell" or "to find a pur-
chaser for" the plaintiff's lot.   To entitle themselves to their
commissions, they were bound to furnish the plaintiff a pur-
chaser, who was ready, willing and able to complete the pur-
chase on the terms proposed.   Pratt v. Hotchkiss, 10 Bradwell,
603.   The rule is laid down in Coleman's Executors v. Meade,
13 Bush, 358, as follows: "The broker undertakes to furnish
a purchaser and is bound to act in good faith in presenting a
person as such, and when one is presented, the employer is
not bound to accept him or to pay the commissions, unless he
is ready and able to perform the contract on his part accord-
ing to the terms proposed ; but if the principal accepts him,
either upon the terms previously proposed or upon modified
terms then agreed upon, and a valid contract is entered into
between the principal and the person presented by the broker,
the commission is earned."

There is no complaint that the defendants did not act in
good faith in presenting Botto to the plaintiff as a purchaser,
nor is it pretended that Botto was not ready and able to pur-
chase the lot and pay the agreed price, and it appears that the
plaintiff accepted him as a purchaser and entered into a valid
contract with him upon terms which were satisfactory to him-
self.   The sale of the lot failed, not by reason of any act or
omission of the defendants, or of any failure on their part to
do what they were employed to do, but because it afterward
turned out that the plaintiff's title to the lot was imperfect.
It seems clear that under these circumstances the defendants
were entitled to their commission.

A broker who undertakes to sell property for a certain
commission, when he finds a purchaser able and willing to
purchase at the price fixed, has earned his commission, al-
though the sale is never completed, if the failure to complete
it is in consequence of a defect of title, and without any fault
on the part of the broker.   Doty v. Miller, 43 Barb. 529 ;
Glentworth v. Luther, 21 Id. 145 ; Holly v. Gosling, 3 E. D.
Smith, 262 ; Knapp v. Wallace, 41 N. Y. 477.

But it is claimed that because Botto insisted upon the inser-
tion of a clause in the contract referring the question of title

to the opinion of Mr. Burgess, and making his opinion conclusive of that question, Botto was not a purchaser able and willing to make the purchase on the terms proposed by the plaintiff, within the rule above stated. It may be answered that this condition of the contract was agreed to and adopted by the plaintiff as satisfactory to him, and the purchaser was accepted with this modification of the terms originally proposed.

But the clause submitting the question of title to the decision of Mr. Burgess was only a mode adopted by the parties for determining that question in a speedy and convenient manner, and in such way as to be conclusive upon themselves. Mr. Burgess was, in effect, an arbitrator or umpire mutually selected to determine the sufficiency of the title, and by his decision both parties agreed to be bound. There is no suggestion in the record that Mr. Burgess did not act in perfect good faith, or that he did not reach a true and just conclusion, or that the title was not in fact imperfect. The plaintiff alone was responsible for the defect in his title, and it was therefore through his fault alone that the sale was not completed. The judgment of the court by which the plaintiff has recovered back from the defendants the commissions which they had retained out of the moneys received from Botto is wholly unsupported by the evidence, and it will therefore be reversed and the cause remanded.

Judgment reversed.