WILLIAM JARVIS, Respondent, v. ADOLPHUS C. SCHAEFER, Appellant.

The fact that one employing a broker to sell property is acting as agent for another does not discharge him from liability for the broker's commissions; if the agency was not disclosed, or if it was disclosed and the agent undertook to be personally bound, he is liable.

Such an undertaking may be inferred from the fact that the agent contracted in his own name without qualification.

Where a broker is employed by both vendor and purchaser, neither can refuse compensation if it was promised with full knowledge that the broker held the same relation to the other party.

In an action by a broker to recover his compensation in effecting a sale, where the fact of the employment is put in issue, evidence is not competent on the part of defendant that he employed and paid another broker.

(Argued March 14, 1887; decided April 19, 1887.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made November 13, 1882, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Frank E. Blackwell* for appellant. When a person contracts as the agent of another, and the fact of his agency is

known to the person with whom he contracts, the principal alone, and not the agent is responsible. (*Bonynge* v. *Field*, 81 N. Y. 159, 160; *Covell* v. *Hart*, 14 Hun, 254; *Bonynge* v. *Waterbury*, 12 id. 534.) A person claiming a commission upon a sale of real estate must show an employment, and that the sale was made by means of his efforts or agency. (*Sussdorf* v. *Schmidt*, 55 N. Y. 319, 321; *Sibbald* v. *Beth. Iron Co.*, 83 id. 378, 383; *Briggs* v. *Rowe*, 4 Keyes, 424.) Where negotiations are begun with a broker, but abandoned by him, and a sale is subsequently effected either by the owner or a second broker to the same party, the original broker is entitled to no compensation. (*Wylie* v. *Mar. Nat. Bk.*, 61 N. Y. 415; *Ludlow* v. *Carman*, 2 Hill, 107; *Chandler* v. *Dutton*, 5 Daly, 112; *Bennett* v. *Kidder*, id. 512; *Briggs* v. *Rowe*, 4 Keyes, 424, 447.) The testimony of plaintiff that he was acting as broker for Streeter, and the plaintiff at the same time, defeats his right to recover in this case, unless previous to the consumation of the transaction he fully disclosed the fact of his agency to the defendant. (*Murray* v. *Beard*, 4 Cent. Rep. 129; *Carman* v. *Beach*, 63 N. Y. 97; *Rice* v. *Wood*, 113 Mass. 133; *Walker* v. *Osgood*, 98 id. 348; *Farnsworth* v. *Hemmer*, 1 Allen, 494; *Watkins* v. *Corisall*, 1 E. D. Smith, 65; *Vanderpoel* v. *Reaves*, 2 id. 170; *Moore* v. *Mandelbaum*, 8 Mich. 433; *Everheart* v. *Searle*, 71 Penn. St. 256; *Dunlop* v. *Richards*, 2 E. D. S. 181.)

*Henry Daily, Jr.*, for respondent. After a fair and honest trial where there is much testimony on the questions of fact, and there is no misdirection of the jury by the court, the verdict will not be set aside because the court would have come to a different conclusion from that of the jury on the force and weight of the evidence. (*Polhamus* v. *Mayor, etc.*, 7 Rob. 491; *Williams* v. *Vanderbilt*, 29 Barb. 491; *Mackey* v. *N. Y. C. R. R. Co.*, 27 id. 528; *Fleming* v. *Smith*, 44 id. 554.) The preponderance of evidence must be overwhelming to induce a court to disturb the verdict of a jury. (*Morse* v. *Sherill*, 63 Barb. 21; *Culver* v. *Avery*, 7 Wend. 384.) The

verdict in cases of conflict of testimony can only be set aside when the case itself presents the evidence that the jury must have been influenced by passion, prejudice or mistake. (*Morse* v. *Sherill*, 63 Barb. 21; *Culver* v. *Avery*, 7 Wend. 384; *Wallace* v. *Patterson*, 29 How. 170; *Clark* v. *Mech. Bk.*, 8 Daly, 481; *Murphy* v. *Baker*, 3 Rob. 4, 5; *Funson* v. *Welch*, 7 id. 392; *Herman* v. *Keppell*, 8 Week. Dig. 177.) It is the province of the jury to weigh and determine conflicting evidence, and the court should not set aside their verdict which determines on one side or other. (*Brooks* v. *Moore*, 67 Barb. 393; *Stafford* v. *Leary*, 43 How. 40; *Duncan* v. *Baillee*, 3 Alb. L. J. 50) The respondent was employed by both Schaefer and Streeter, and in bringing them together was a mere middleman, and they, having consummated an exchange, he became entitled to recover commissions from both. (*Seigel* v. *Gould*, 7 Lans. 179; Paley on Agency, § 12; Storey on Agency, § 31; *Rupp* v. *Sampson* 16 Gray, 398; *Redfield* v. *Legg*, 38 N. Y. 212; *Balheimer* v. *Reichardt*, 55 How. 414; *Rowe* v. *Stephens*, 53 N. Y. 621.)

DANFORTH, J. The plaintiff sued for commissions earned, as he alleged, upon employment by the defendant to effect a sale or exchange of certain real estate at Red Hook. He recovered judgment. This was affirmed by the General Term, and the defendant now appeals, making in this court the following points:

*First.* That he was not the owner of the property referred to, and so informed the plaintiff, at the same time disclosing the name of the owner for whom he was acting.

*Second.* That the plaintiff was not the procuring cause of the sale or exchange made.

*Third.* That the plaintiff was at the same time, but without the knowledge of the defendant, acting as agent for the other party to the trade.

*Fourth.* That one F., also a broker, was employed, and the court erred in excluding (against objection) evidence that he paid F. full commissions.

The defendant moved to dismiss the complaint upon the grounds:

"*First.* That defendant, having stated that his wife owned the property, he was a known agent and a recovery could not be had against him.

"*Second.* That the employment of the plaintiff by Mr. Streeter, not being disclosed to the defendant, is a fact which precludes plaintiff's recovery.

"*Third.* That the evidence shows that the trade·was not consummated by the plaintiff."

The motion was denied, and the trial judge in submitting the case to the jury directed them to inquire:

*First:* Which of these brokers was the procuring cause of the sale, in other words, which of these men brought the sale about, saying: "There is no doubt of the employment of Jarvis by Schaefer. The question is whether Jarvis brought the sale about. Was he the means by which Streeter and Schaefer came together, and did Mr. Jarvis's action result in the effecting of the sale?" He also called attention to the defendant's claim that F. was the efficient cause, and instructed the jury in substance that the plaintiff could not recover unless they found that the plaintiff actually produced the purchaser. He was not asked to charge differently, nor to charge upon any other question, and no exception was taken to the charge as made. The verdict answered the question addressed to the jury in the affirmative, and we have only to see whether the trial court erred in refusing to dismiss the complaint.

If it be a fact that the legal title to the property was in the wife of the defendant, it would not follow that the plaintiff could not recover in this action. There is evidence that the defendant represented himself as owner, and as such that he put the property into the plaintiff's hands to sell or exchange, knowing at the time he did so that the plaintiff was a broker and that he "expected a commission;" that the defendant at the time responded, "that is all right; that he always paid a commission and expected to pay it." The price was fixed

by the defendant at $20,000.. The usual commissions were proven to be two and one-half per cent or $500. If the defendant was in fact dealing in behalf of his wife, it does not conclusively appear that he so stated, or that he assumed to act in any other than an individual capacity. But in any view of the evidence, even his own, and although he told the plaintiff that Mrs. Schaefer was the owner, the question would still be as to whom the plaintiff gave credit—to the wife, or to the defendant.

In one aspect of the evidence there was no disclosure of his agency, and *prima facie* the agreement was his own, and he was bound personally. If there was evidence tending to a different conclusion it should have been submitted to the jury. The defendant did not request it, but by his own motion left it to the trial judge. In either view whether the defendant's agency was disclosed or not, he became personally bound if he undertook to be so, and this might be inferred from the fact that he contracted with the plaintiff in his own name and without any qualification.

Nor can it be said as matter of law that the employment of the plaintiff by the other party was not disclosed to the defendant, and while it may be difficult even for a broker to serve with equal efficiency two masters, neither of them can complain, nor refuse compensation if it was promised when fully informed that his agent held the same relation to the adverse dealer. Nor is there in such a contract as the present much danger that either one will be prejudiced by the dual character of the broker. The principals themselves agreed upon the terms of sale or exchange, and became indebted to him for procuring an actual buyer or vendor, as the case may be. (*Sussdorf* v. *Schmidt*, 55 N. Y. 319.)

The jury found that the plaintiff brought about the sale ; that he was employed by the defendant. His own testimony is that he was first employed by the defendant and afterwards by Streeter; that each was to pay him a commission for negotiating, or selling, or trading this property, and he adds, "I told them this." The defendant, although present at the

trial and examined as a witness, does not deny it, nor does he testify that he was ignorant of the plaintiff's claim that he was acting for Streeter also.

The plaintiff's testimony on this point is to be weighed according to the power of the defendant to contradict it if not true, and his silence in view of the assertion of the plaintiff, made it impossible for the trial judge to hold as matter of law that the true relation of the plaintiff to the other party was not disclosed to the defendant. No fraud, or even concealment, was practiced by the plaintiff, and the case is not one where the same person acted as agent for both parties without their knowledge.

The appellant relies upon the fact that he put property in Georgia with the Red Hook property. This was a circumstance for the jury to consider in determining whether the plaintiff actually produced the purchaser, and that was the proposition which the defendant asked to have the jury pass upon.

If it were conceded that the defendant paid full commissions to F., the other broker, it could not impair the plaintiff's right to compensation for services actually rendered. It was not error, therefore, to exclude evidence of such payment. The plaintiff's contract was valid, and, as the jury have found, made upon good consideration and fully performed by him. The verdict was rendered upon conflicting evidence, but the exceptions point to no error.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.