CHARLES ROBERTS *v.* J. H. KIMMONS.

1. **AGENT.** *For the sale of land. Condition as to title in contract of sale.*

    Where an agent employed to sell land effects a contract of sale conditioned that the title shall be made clear and satisfactory to the purchaser, such condition is but an expression of what the law would have implied, in the absence of an agreement that the purchaser would take the risk of the title.

2. **SAME.** *Contract for sale of land. Failure to consummate. Right to compensation.*

    And the refusal of such purchaser to consummate the purchase of the land on an objection to the title, not fanciful or captious, does not preclude the right of the agent to a commission for making a sale, he having been employed by a principal representing himself to be the owner of the land and agreeing to pay a commission on the price for which a sale should be made, and there being no agreement making the agent's compensation dependent upon the condition of the title.

Appeal from the Circuit Court of La Fayette County.

Hon. W. S. Featherston, Judge.

Charles Roberts employed J. H. Kimmons to sell a certain tract of land in Coahoma County, upon an agreement, as the latter says, that Roberts should pay him a commission of " $2\frac{1}{2}$ per cent. on amount of price of land; " but Roberts says he agreed to pay Kimmons " $2\frac{1}{2}$ per cent. commission on the amount the place sold for." Roberts gave Kimmons a letter of introduction to one Eldridge, suggesting at the time that he would probably be able to sell to Eldridge. Kimmons went to see Eldridge, and induced him to enter into an agreement to purchase the land for $7,000, " so soon as the title to him is made clear and satisfactory." Kimmons returned home and submitted the agreement to Roberts, who was pleased therewith. Afterwards Eldridge declined to purchase the land, because he was not satisfied with the title. The character of Eldridge's objection to the title is indicated in the opinion of the Court. Roberts refused to pay Kimmons any commission, and the latter brought this action against the former for the amount claimed therefor.

On the trial, it was shown by the defendant that Eldridge was insolvent, and a suit to compel him to carry out his contract would have been ineffectual.

The verdict and judgment were in favor of the plaintiff, Kimmons. The defendant appealed.

*Cha's. B. Howry*, for the appellant.

In order to entitle a broker to recover compensation for his services two things must appear: 1. That he was employed to make the sale. 2. That in pursuance of his employment he found a purchaser in a situation ready, able, and willing to complete the purchase on the terms specified.

*McGavock* v. *Woodlief*, 20 How. (U. S.) 226; *Wylie* v. *Marine Bank*, 61 N. Y., 415; *Middleton* v. *Findla*, 25 Cal., 76; *Phelan* v. *Gardner*, 43 Id., 306.

The essence of the broker's contract is the obtaining of a purchaser. *Lincoln* v. *McClatchie*, 36 Conn., 136.

And the sale must proceed from the broker's efforts. The

whole of the services must be performed before the claim for compensation can be sustained, 63 N. Y., 445.

It is the consummated sale the principal is to pay for, not the unsuccessful efforts of the broker, unless the principal is in fault. Her the principal is not at fault.

*Charles B. Howry*, for the appellant, argued the case orally.

*E. Mayes*, for the appellee.

The condition in the contract of sale is only such a condition as the law would have implied if the contract had said nothing about the title.

*Folliard* v. *Wallace*, 2 Johnson (N. Y.), 402.

*E. Mayes*, for the appellee, made an oral argument.

ARNOLD, J., delivered the opinion of the Court.

The right result was reached in this case, and there is no error in the record for which the judgment should be reversed.

The sale negotiated by appellee failed not because of the inability of the purchaser to comply with its terms, but on account of a defect in the title to the land. We are not fully informed by the record of the extent of the alleged defect in the title, but enough appears to show that the objection made to it by the purchaser was not fanciful or captious.

The condition in the written contract in regard to the title being made clear and satisfactory to the purchaser, before the sale was to be concluded, was nothing more than the law and good faith implied, to wit, that the purchaser should get a title free from valid objections. *Folliard* v. *Wallace*, 2 Johnston, 395; *Middleton* v. *Findla*, 25 Cal., 76. The purchaser would have been entitled to this without any such stipulation in the contract, unless it had been shown that he agreed to take the risk of the title.

The right of appellee to commissions did not depend upon the contingency of the title being good. He assumed no responsibility in regard to the title. When one representing that he owns and has good title to real estate, employs an agent to sell it, he cannot, in the absence of an agreement to that effect, deny to the agent compensation for his services in making a sale, which is afterwards defeated because the title proved de-

fective.  *Middleton* v. *Findla*, 25 Cal., 76; *Knapp* v. *Wallace*, 41 N. Y., 477; *Doty* v. *Miller*, 43 Barb., 529; *Bolly* v. *Gosling*, 3 E. D. Smith, 262; *Hamlin* v. *Schulte*, 34 Minn., 534; *Kock* v. *Emmerling*, 22 How., 69; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y., 378.

*Affirmed.*