## BONWELL v. HOWES.

*(City Court of New York, General Term.  June .20, 1888.)*

1. FACTORS AND BROKERS—REAL-ESTATE AGENTS—RIGHT TO COMMISSIONS WHEN ACT-
ING FOR BOTH PARTIES.
A real-estate broker employed by defendant to effect an exchange of property,
may recover his commissions therefor, though he be also the broker of the other
party to the exchange, and has been paid his commissions by such other party,
where defendant promised compensation, after being fully informed of such agency.

2. SAME—EMPLOYMENT BY AGENT—LIABILITY OF PRINCIPAL FOR COMMISSIONS.
Defendant, having authorized his father to act as his agent to sell or exchange
certain real estate, without limit as to his authority, is liable for services rendered
by a broker employed by the father to effect the purpose of his agency.

.3. SAME—PROCURING CAUSE OF SALE OF REAL ESTATE—QUESTIONS FOR JURY.
Whether a broker was the procuring cause of an exchange of real estate, so as to
entitle him to commissions therefor, is for the jury on all the evidence, and their
finding is conclusive.

Appeal from trial term; HYATT, Judge.

Action by Charles E. Bonwell, as assignee of a claim of Joseph E. Rogers,
.a real-estate broker, for commission on an exchange of property, against John
T. Howes.   Defendant's father, Reuben W. Howes, as agent of defendant,
employed Rogers to find a purchaser for a vacant lot owned by defendant near
Ninety-Eighth street and Tenth avenue, or effect an exchange thereof, on the
usual terms of 1 per cent. commission on the price to be obtained.   In pur-
suance of such employment, Rogers introduced the senior Howes to Mr.
.Simon Haberman, the owner of several apartment houses on One Hundred
.and Second street and Fourth avenue.   Howes and Haberman at once entered
into negotiations with a view to effecting the exchange, which were continued
until the following May, when the contract was executed.   The estimated
value obtained for appellant's property was $51,000.   Thereafter the ex-
.change was consummated by the delivery of the deeds in accordance with this
.contract.   The indebtedness due to Rogers on the commissions was reduced
by the payment of $50, and the claim for the balance ($460) was assigned to
plaintiff for value.   The appellant's answer was, in effect, a general denial,
.and asserted that the payment alleged was a gratuity given by his father
without appellant's knowledge.   On the trial a verdict was rendered for plain-
tiff for $501.40, being the full amount of the commissions and interest, less·
the $50 paid.   Defendant appeals from the judgment and the order denying
.the motion for a new trial.

Argued before BROWNE, EHRLICH, and McGOWN, JJ.

R. H. Underhill, for appellant.   Edwin L. Kalish, for respondent.

BROWNE, J.   Three questions are presented for review upon this appeal:
.First.  Was Reuben W. Howes, the defendant's father, authorized to employ
.a broker to effect an exchange of the defendant's property?   Second.  Was
Rogers, the plaintiff's assignor, the procuring cause of the exchange?   Third.
Is the plaintiff entitled to recover commission from the defendant, where it
is shown that he was also employed by the owner of the property which .was
given in exchange?

As to the first question.   It appears that the defendant, at the time of the
transaction between his father and Rogers, was not able, because of sickness,
to give his personal attention either to his business or profession.   His father
was therefore charged by him with the duty of disposing of the property in
question.   Whether such duty involved the power to employ Rogers as broker
is to be determined from the extent of the authority given by the defendant
to his father.   Upon this subject the defendant, in his examination, testified
that his father acted as his agent to sell or exchange the property.   He did
not limit him as to terms, manner, mode, or time of such sale or exchange.

He had general authority to sell, and a general authority to use any means which he (the father) thought best to effect the object of his employment as agent. Now, where an agent appointed for a particular purpose is not limited by any instruction of the principal as to the mode of execution, he is to be deemed an agent possessing full power to employ all the necessary and usual means of effecting the purpose of his agency. *Nelson* v. *Railroad Co.,* 48 N. Y. 498. Testimony was received showing that it is usual in effecting a sale or exchange of property in this city to employ brokers for that purpose; that Rogers, the plaintiff's assignor, was employed by the defendant's father as a broker to effect the object of his agency, and he promised to pay him the usual commission of 1 per cent. for his services; that in pursuance of such employment Rogers procured an exchange of the defendant's property for the property of Mr. Haberman.

Issues were raised upon all these questions of fact and presented to the jury under instructions by the court as liberal to the defendant as he was entitled to. The jury's finding upon those issues in favor of plaintiff established his right to a recovery, if no other question interposed.

The defendant, however, objects that the plaintiff is not entitled to a recovery in a transaction where his assignor acted as broker for both parties. It was well said by the learned trial judge in his charge to the jury, that one man cannot serve two masters; that he cannot be faithful to both where their interests are antagonistic. And it is true, as a general proposition, that a person who seeks compensation for service performed under this dual employment from either of his employers must fail. Exception to the rule, however, exists. In the case of *Sussdorff* v. *Schmidt*, 55 N. Y. 319, it was held that, while it may be difficult even for a broker to serve with equal efficiency two masters, neither of them can complain nor refuse compensation if it was promised when fully informed that his agent held the same relation to the adverse dealer. See, also, *Jarvis* v. *Schaefer*, 105 N. Y. 289, 11 N. E. Rep. 634. The evidence in this case brings it within the rule cited. Defendant's father testified that he had a conversation with Rogers, in which he said to Rogers, "Now, Mr. Rogers, you are a broker representing Mr. Haberman." Rogers answered, "Yes." And Rogers testified Howes promised to pay him his commission for effecting the exchange. This promise was given at the time and place of Howes' interview with Rogers before stated. I think the verdict is well sustained by the evidence, and find no error upon the trial which would justify interference with the judgment. The judgment and order will be affirmed, with costs to the respondent.

EHRLICH and McGOWN, JJ., concur.