(111 N. W. 623.)

---

M. F. KEPNER v. A. J. FORD.

Opinion filed February 20, 1907.

**Broker's Action for Commission — Evidence.**

1. Plaintiff sued to recover a commission earned under a contract with defendant in finding purchasers for plaintiff's land. The contract was offered in evidence by plaintiff, and defendant objected to its reception upon the grounds that it is not a contract between the parties, plaintiff not having signed it; and that it is too indefinite and uncertain, and should be first reformed. *Held,* that the trial court properly overruled this objection.

**Same.**

2. Exhibit C, being a contract entered into by plaintiff and the persons whom he had procured to purchase the property, setting forth the terms of the purchase, was properly admitted in evidence.

**Appeal — Error Without Prejudice.**

3. The ruling of the trial court in permitting plaintiff to introduce secondary evidence as to the contents of Exhibit C, being a contract between plaintiff as agent and the purchasers, was error without prejudice.

**Same — Objection Not Made Below.**

4. Upon cross-examination of plaintiff, it was disclosed that one Chamberlain is to receive 25 per cent of any sum plaintiff may re-

cover in this action, and defendant contends that this should defeat plaintiff's recovery. The answer to this contention is the fact that no such defense was pleaded in the answer, and furthermore no ruling was made; nor was the trial court asked to make any ruling upon which such assignment of error could be predicated.

**Brokers — Homestead — Wife's Signature to Listing Contract.**

5. The fact that a portion of the land embraced in the contract consisted of the homestead of defendant and his wife, and that the latter did not join in the execution of the contract, does not render such contract invalid, as it was not a contract for the sale of the property, but a mere agreement on defendant's part to compensate plaintiff for finding a purchaser.

Appeal from District Court, Foster county; *Burke, J.*

Action by M. F. Kepner against A. J. Ford. Judgment for plaintiff and defendant appeals.

Affirmed.

*R. P. Allison* and *F. Baldwin,* for appellant.

The agreement was an entirety and the whole land or none must be taken. Calmer v. Calmer et al., 106 N. W. 684; Wegner v. Lubenow, 95 N. W. 442.

Husband and wife must sign conveyance. Helgeby v. Dammen, 13 N. D. 167, 100 N. W. 245; Teske v. Dittberner, 98 N. W. 57; Keeline v. Clark et al., 106 N. W. 257.

Executory contract for sale of homestead, not signed by wife is void and no basis for specific performance and damages for breach. Clark v. Koenig, 54 N. W. 842; Meek v. Lange, 91 N. W. 695; Teske v. Dittberner, 98 N. W. 57.

*Maddux & Rinker,* for respondents.

Broker's contract with purchaser is admissible to show terms of sale. MacLaughlin v. Wheeler, 47 N. W. 816; Lawson, et al., v. Thompson, 37 Pac. 732.

Failure of wife to join in contract with broker to sell homestead no defense to claim for commission. Hamline et al. v. Schulte, 27 N. W. 301; Love v. Miller, 53 Ind. 294; Vinton v. Baldwin, 88 Ind. 104; Hurd v. Neilson, 69 N. W. 867; Felts v. Butcher, 61 N. W. 991.

Real estate broker not responsible for his principal's title. Kyle v. Rippey, 20 Or. 447; Christianson v. Wooley, 41 Mo. App. 53; Barber v. Hildebrand, 42 Neb. 400.

Defective title will not defeat broker's claim for commissions. Roberts v. Kimmons, 65 Miss. 332; Middleton v. Findla, 25 Cal. 76; Hamline v. Schulte, 34 Minn. 534, 27 N. W. 301; See 43 L. R. A. 593; Glentworth v. Luther, 21 Barb. 145; Canker v. Apple, 15 Col. 141; Jarvis v. Schrefer, 105 N. Y. 289; Barthell v. Peter, 88 Wis. 316.

Contract with broker to sell in specified time cannot be revoked so as to defeat his commission. Canfield v. Orange, 13 N. D. 622, 102 N. W. 313; Glover v. Henderson, 120 Mo. 367; Ehrlick v. Insurance Co., 88 Mo. 249; Kirk v. Hartman, 63 Pa. 97; Durkee v. Gunn, 41 Kan. 496; Vincent v. Woodland Oil Co., 165 Pa. 402; Stringfellow v. Powers, 4 Tex. App. 199.

Fisk, J.   This action was commenced in the district court of Foster county to recover the sum of $2,000 and interest, being the agreed compensation which plaintiff was to receive under a written contract with defendant for finding a purchaser for certain real property owned by defendant. The contract was not artistically drawn, but clearly discloses the intention of the parties as follows: The property to be sold was described as the E½, section 5, and S½, section 4, township 148, range 67, Eddy county. Terms of sale were to be $10,000 net to defendant, one-half of it, or more, in cash, the balance to suit buyer at 7 per cent interest; plaintiff to have all he could get above that price. The contract, by its terms, was made irrevocable for a period of six months from its date, which was March 3, 1904. The action was tried before a jury, and a verdict returned for plaintiff for the amount sued for. A motion for a new trial was made and denied, and judgment rendered in plaintiff's favor, from which defendant appeals to this court.

A statement of the case was duly settled in the district court, containing a specification of the errors complained of. The making of the contract and his ownership of the land was admitted by defendant, and it was conceded that plaintiff in August, 1904, found purchasers for the property who were ready, able, and willing to purchase the same for $12,000 cash; and the sole question of fact in dispute was as to whether or not the contract was revoked by mutual consent of the parties shortly after its date. By consent of counsel the jury was asked to make a special finding upon this question, and they found in plaintiff's favor, which finding is not challenged by appellant.

Appellant alleges numerous errors upon which he relies for a reversal, and which we will dispose of in the order mentioned in his brief.

First. It is asserted that the court erred in overruling defendant's objection to the reception in evidence of plaintiff's exhibit A, being the contract above mentioned, upon which plaintiff bases his cause of action. The objection was as follows: "That it is not a contract between the parties, that it does not bind plaintiff to anything, that the paper is indefinite and uncertain, and without parol proof it would be inoperative. It being only signed by defendant, it in no place provides that if the place be sold for $10,000 or upwards it should not all go to defendant." This objection was clearly frivolous. While, as we above stated, the contract was poorly worded, still the intention of the parties is clear, and such intention must be given effect. The instrument was evidently a printed blank in use by plaintiff for listing property with him for sale, and it appears to be divided into several parts or subdivisions. The first portion of it was evidently intended to be merely a memorandum of the terms, the blanks in which were to be filled in by plaintiff. It is as follows: "Original 600 acres. M. F. Kepner, Real Estate, New Rockford, North Dakota. Land agent's description and contract: E½ sec. 5 & S½ sec. (4 Sec. 5-4) Twp. 148, Range 67, Eddy county, price of tract per acre or as a whole, and terms of sale $10,000 net, one-half or more cash, balance to suit buyer at 7 per cent interest. This contract is $10,000 net to him, and I to have all I can get above that price." Following the above is a subdivision under the head "Title and Description," in which numerous questions and answers pertaining to the title, location, etc., are set forth. Then follows a subdivision containing questions and answers under the headings "Description of Surface," and "Description of Improvements," after which follows a subdivision, headed "Contract," and this is signed by the defendant. It is apparent, from an inspection of the whole document, that the defendant authorized the plaintiff to find a purchaser for the whole property, and that he agreed that plaintiff should have for his remuneration all he could sell it for in excess of $10,000. The first ground of the objection, which is in effect that the instrument is a unilateral contract, and is wholly without merit. Such a contract is clearly unobjectionable. It was not necessary that the parties should have reduced this contract to writing, as such a contract may rest in parol (MacLaughlin v.

Wheeler, 47 N. W. 816, 1 S. D. 497), and it is idle to talk about first reforming it before giving effect to the intention of the parties.

Appellant's second assignment of error is predicated upon the court's ruling in receiving in evidence plaintiff's Exhibit C, which is a mere memorandum agreement between the plaintiff, signing himself as agent for the defendant, and Maurice Deneen and W. H. Deneen, showing that the two last named persons agreed to purchase the defendant's said property at the sum of $12,000 cash; the defendant to give warranty deed and furnish abstract showing no incumbrance. This is dated August 6, 1904. The ground of defendant's objection is that plaintiff had no authority to enter into such agreement, and hence that the same is not binding upon defendant. This objection is clearly untenable. Whether or not plaintiff could enter into a contract with the Deneens which would be binding upon the defendant is not material. Conceding that he could not, which no doubt is true (Brandrup v. Britten, 11 N. D. 376, 92 N. W. 453), still we think this exhibit was admissible as some evidence at least of the fact that the Deneens were willing to purchase the property, and also for the purpose of showing the terms upon which they were willing to purchase (MacLaughlin v. Wheeler, 47 N. W. 816, 1 S. D. 497; Lawson et al. v. Thompson, 37 Pac. 732, 10 Utah, 462). It was incumbent upon plaintiff to furnish proof of such facts. The Deneens afterwards testified to their willingness and ability to purchase the property upon the terms stated, and such fact was not disputed in any way by defendant, and hence such ruling, if error, was entirely harmless. There is nothing in the opinion in Brandrup v. Britten, 11 N. D. 376, 92 N. W. 453, relied upon by appellant, holding contrary to the views above expressed.

Appellant's third assignment of error relates to the reception in evidence of plaintiff's Exhibit B, and what we said as to appellant's first assignment of error applies to this.

The fourth error complained of consists in the overruling of the defendant's objection to the question asked the witness W. H. Deneen: "You may give the substance of this contract as near as you can." We think this objection was well taken, and should have been sustained; but such ruling was error without prejudice. As we said before, it was not denied by defendant that plaintiff had procured the Deneens to purchase this property, and that they were willing and able to do so, upon the terms above stated. Defendant's counsel, it will be remembered, requested the court to submit to the

jury the single question as to whether the contract, Exhibit A, had been revoked, expressly stating this to be the only fact in dispute.

The fifth assignment of error has already been disposed of by what we said in reference to the first assignment.

The next assignment of error is evidently based upon certain evidence brought out upon cross-examination of plaintiff, to the effect that one Chamberlain is to have 25 per cent of the recovery in this action. A complete answer to this is that no such defense is pleaded in the answer, and furthermore no ruling was made, nor was the trial court requested to make any ruling upon which such assignment of error could be predicated.

The last error assigned, and the one principally relied upon by appellant's counsel, is that the land described in Exhibit A, or a portion thereof, was the homestead of the defendant and his wife, and, the latter not having signed such contract, the same is void, and hence no damages for its breach can be recovered. We are obliged to overrule appellant's contention in this respect. The contract was not for the sale of the property, as counsel seems to think, but it was a mere brokerage contract, whereby plaintiff was to receive all over a certain sum in case he found a purchaser for the property. As we have above decided, such a contract was not even required to be in writing. Was such a contract void or voidable because the wife was not a party thereto? Clearly not. It was not a contract whereby the defendant agreed to sell or convey the property, and hence it is not vulnerable to the objection that it is in contravention of section 5407, Rev. Codes 1905. MacLaughlin v. Wheeler, 1 S. D. 497, 47 N. W. 816; Brandrup v. Britten, 11 N. D. 376, 92 N. W. 453. Nor does it contravene the provisions of section 5052, which provides that the homestead of a married person cannot be conveyed unless the wife joins in such conveyance. It is no defense in this action to say that defendant's wife would not permit him to make the sale. Plaintiff having found a purchaser, ready, able, and willing to purchase on the terms stipulated, it was defendant's duty, in so far as plaintiff's right to commission is concerned, to make the sale by furnishing a merchantable title. Hamlin v. Schulte, 27 N. W. 301, 34 Minn. 534, and cases cited; Kock v. Emmerling, 22 How. (U. S.) 69, 16 L. Ed. 292; Love v. Miller, 53 Ind. 294, 21 Am. Rep. 192; Vinton v. Baldwin, 88 Ind. 104, 45 Am. Rep. 447; Kyle v. Rippey, 20 Or. 447, 26 Pac. 308; Christensen v. Wooley, 41 Mo. App. 53; Barber v. Hildebrand, 42 Neb. 400, 60 N. W. 594; Roberts

v. Kimmons, 65 Miss. 332, 3 South, 736; Middleton v. Findla, 25 Cal. 76; Jarvis v. Schaefer, 105 N. Y. 289, 11 N. E. 634; Barthell v. Peter, 88 Wis. 316, 60 N. W. 429, 43 Am. St. Rep. 906. A very exhaustive note upon this question may be found in 43 L. R. A. 593, where many authorities are cited.

Finding no error in the record prejudicial to defendant, it follows that the judgment appealed from should be, and the same is hereby, affirmed. All concur.