## FINCK v. LOORAM.

(Supreme Court, Appellate Term, First Department. June 14, 1916.)

BROKERS ⬤➡55(1)—COMMISSIONS—RIGHT TO COMMISSION NOT AFFECTED BY PAYMENT OF COMMISSION TO OTHER BROKERS.

A broker's right to a commission for procuring a loan is not lost by the act of the borrower in paying a commission to another broker, where the conclusion of the loan through the former's services was prevented solely by the wrongful act of the borrower.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 82–84; Dec. Dig. ⬤➡55(1).]

Cohalan, J., dissenting.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On reargument. Motion granted, order reversing judgment and granting a new trial vacated, and judgment affirmed.

For former opinion, see 159 N. Y. Supp. 180.

Argued May term 1916, before GUY, BIJUR, and COHALAN, JJ.

Walter E. McDonnell, of New York City, for appellant.

Charles L. Hoffman and Henry Friedman, both of New York City, for respondent.

GUY, J. This action was brought to recover from the defendant the agreed commission for procuring for defendant a loan upon real estate owned by her. All the disputed questions of fact in the case were resolved in favor of the plaintiff, and unless it clearly appears that the judgment is so much against the weight of the evidence as to indicate prejudice or partiality on the part of the trial justice the judgment should stand.

Upon the hearing of the appeal the defendant strenuously urged that the loan had been procured by a broker, other than the plaintiff, who had the defendant's written authorization. The fact was overlooked, because attention was not called thereto, that the agent of the lender testified that the application for the loan was first brought to him by the plaintiff; that he accepted the loan, and so notified the plaintiff, but requested the plaintiff to bring him the defendant's authorization in writing. This the plaintiff endeavored to obtain from the defendant, who, however, arbitrarily refused to give it to him, and instead gave it to another broker, who presented it to the lender, thus enabling the latter to take advantage of the plaintiff's services on the defendant's behalf. The plaintiff showed by two witnesses his employment to procure the loan, the agreed compensation, his successful efforts, his notification thereof to the defendant, her acquiescence in the arrangement, her promise to deliver the title deeds to enable the mortgage to be made, and the acceptance of the loan by the lender, followed by the refusal of the defendant to furnish the written authorization asked for by the lender.

Apparently the sole reason for the requirement by the lender of a written authorization from the defendant was that another broker had made a similar, but later application for the same loan and that defendant had given him written authority after learning from plaintiff of the acceptance of the loan. These facts were disputed by no witness but the defendant, and even her testimony in many respects corroborates that of the plaintiff's witnesses. In any event written authorization to obtain the loan was not a legal requirement. The plaintiff performed the function for which he was employed, and for which his compensation was agreed upon and payment thereof promised, and the conclusion of the loan through his efforts having been prevented solely by the defendant's wrongful act in refusing to give him the merely formal authorization asked for by the lender, the judgment rendered by the court below was justified, and should be affirmed. The payment of commissions to another broker does not impair the rights of one who was the procuring cause of the sale for which commissions were claimed. Jarvis v. Schaeffer, 105 N. Y. 289, 11 N. E. 634.

Motion for reargument granted, and upon reargument the order reversing the judgment and granting a new trial is vacated and set aside, and the judgment affirmed, with $25 costs of appeal, but without costs upon the reargument.

BIJUR, J., concurs.

COHALAN, J., dissents.