(7 Misc. Rep. 447.)

BONWELL v. AULD.

(City Court of New York, General Term.    March 9 1894.)

1. FACTORS AND BROKERS—ACTION FOR COMMISSIONS.
    In an action for broker's commissions, the complaint states a cause of action, where it alleges that plaintiff induced one B. to exchange real estate with defendant, that the consideration for the property was fixed at a certain sum, on which plaintiff was entitled to commissions, and that defendant agreed to pay the same, though it does not allege a previous employment by defendant.

2. SAME—ACTING FOR BOTH PARTIES.
    In an action for commissions for effecting an exchange of real estate, defendant cannot object that plaintiff was also the agent of the other party to the exchange, where he knew that fact at the time.

Appeal from trial term.

Action by Charles E. Bonwell against Thomas Auld to recover commissions for effecting an exchange of real estate. From a judgment entered on a verdict in favor of plaintiff, defendant appeals Affirmed.

Argued before VAN WYCK and NEWBURGER, JJ.

Theo. H. Friend, for appellant.

T. J. L. McManus, for respondent.

VAN WYCK, J.   The only exceptions in the case are to the denial of appellant's motion to dismiss the complaint on the ground that

it does not state facts sufficient to constitute a cause of action, made at the opening of the case and at the close of plaintiff's evidence, and to the denial of the motion for nonsuit, made after plaintiff rested. None of these motions were renewed at the close of the case, nor did defendant request the direction of a verdict in his favor. The complaint alleges that plaintiff procured and induced Bradley & Co. to exchange their certain real property in New York for defendant's certain similar property in Newark, N. J.; that the consideration of the property was fixed at $15,000, upon which plaintiff's commission was to be computed at the rate of $2\frac{1}{2}$ per cent., amounting to $375; that plaintiff reduced his commission to $350, which defendant agreed to pay; and that he did pay $5 on account thereof. This complaint sets forth a cause of action, even though it did not allege a previous employment of plaintiff by defendant; and, as the exchange was finally made with knowledge by defendant of plaintiff's claim for and efforts in negotiating the same, it would be a conscious appropriation of plaintiff's services; and the allegation is that he promised to pay a fixed sum for the same, and, moreover, the complaint does allege a previous employment by defendant of plaintiff to procure a purchaser for this particular property, and that its exchange was procured and induced by plaintiff in pursuance of such employment. The plaintiff's proof is complete and abundant as to his employment; amount agreed upon for his commission; that his efforts and negotiations induced and secured the exchange; and that defendant agreed to pay him a fixed sum for his commission when fully informed that he was also acting as broker for Bradley & Co. as to their property, which was deeded to defendant in exchange for his. While it may be difficult for a broker to serve, with equal efficiency, two masters, neither of them can complain or refuse compensation if it was promised when fully informed that his agent held the same relation to the adverse dealer. Jarvis v. Schaefer, 105 N. Y. 293, 11 N. E. 634. As already shown, defendant did not, at the close of the case, request a dismissal or verdict in his favor, but acquiesced, without objection, in the submission of the case to the jury; hence his complaint, now, that the verdict is excessive, cannot avail, as the judge charged, without objection, if the jury found for plaintiff, "that their verdict must be for $345;" and such was the verdict returned. Moreover, there really was no dispute as to the amount, for plaintiff's contention by proof was that defendant agreed to pay him $350, and has paid him $5 on account thereof, while defendant claimed that he was not liable at all. The judgment and order are affirmed, with costs.