(22 Misc. Rep. 539.)

WHITING et al. v. SAUNDERS.

(City Court of New York, General Term. February 7, 1898.)

1. REAL-ESTATE BROKERS—RIGHT TO COMMISSION.
   In an action by real-estate brokers for commissions against a husband who employed them to dispose of property, it is immaterial that he had only a power of attorney, and that the property disposed of was in his wife's name.

2. APPEAL—REVIEW OF QUESTIONS OF FACT.
   The finding of the jury is conclusive.

8. BROKERS—COMPENSATION.
   The fact that plaintiffs represented both parties in an exchange of their properties, and expected to receive a commission from both parties, with full notice to the defendant and knowledge by him of such fact, does not constitute a defense to an action against him for commissions earned.

Appeal from trial term.

Action by Augustus H. Whiting and Frederick J. Richters against Thorndike Saunders. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before O'DWYER and McCARTHY, JJ.

Saunders, Webb & Worcester, for appellant.
Samuel A. Noyes, for respondents.

O'DWYER, J. The action was brought by the plaintiffs, who are real-estate brokers, to recover the sum of $300 and interest, claimed by the plaintiffs to be due to them as a commission agreed on for the sale by exchange of a house and lot at Long Branch, N. J., and 70 lots at Verona, N. J., for three flat or apartment houses, known as Nos. 195, 216, and 220 Fourth avenue, in Brooklyn, N. Y. Defendant's answer alleges that he employed the plaintiffs as the agent of his wife, Emma Saunders, and to act for her, and not for himself; and that, during the progress of the negotiations, the plaintiff Richters made erroneous and incorrect statements to defendant in regard to the rents and taxes and mortgages on the three Brooklyn apartment houses. In September, 1894, the defendant, Saunders, met the plaintiff Richters, and had an interview with him, and, a day or two afterwards, called at the office of the plaintiffs, and gave them a memorandum of his property, consisting of a Long Branch cottage and lot and 70 lots at Verona, N. J., and employed them to dispose of these properties by sale or exchange. The plaintiff Richters entered said properties on the plaintiffs' books in the name of Thorndike Saunders, as they knew no one else as the owner of the same. Early in November, 1894, the plaintiff Richters informed defendant that the plaintiffs had on their books three apartment houses, known as Nos. 195, 216, and 220 Fourth avenue, in Brooklyn, and that they represented and were acting for the owner, and would act as broker for both parties in an exchange. Richters gave the defendant, Saunders, a description of the Fourth avenue properties, and all the details; and he went over and examined the properties twice, and agreed to make an exchange. Before the contract of exchange was drawn up and signed, the defendant, Saunders, had an interview with

both the plaintiffs, Whiting and Richters, at their office, regarding their commissions on the exchange. The plaintiffs, after some conversation, agreed to reduce their commissions to the sum of $300, at which sum it was fixed and agreed on, and the defendant agreed to pay that sum ($300). The contract was signed and executed on or about November 21, 1894, and at about this time the plaintiffs ascertained that the defendant's wife, Emma Saunders, owned the Long Branch and Verona properties, and that the defendant had a power of attorney. The contract of exchange was carried out and completed, and the deeds were passed and exchanged, on December 1, 1894, by the defendant, and in his presence, at the plaintiffs' office. At the very inception of the negotiations, and during their progress, the defendant was fully informed that the plaintiffs had the Fourth avenue, Brooklyn, property on their books, and represented the owner of the same; and all the defendant's dealings with the plaintiffs were all along had with a full knowledge of and reference to such fact. On or about December 4, 1894, the plaintiff Richter had an interview with the defendant, and made a demand for the payment of the $300, being the plaintiffs' commissions, as agreed upon, which was refused. The commission of $300, as agreed upon, has never been paid; and thereafter this action was brought, to recover the same, with interest. The action was tried on May 27, 1897, and resulted in a verdict for the plaintiffs for the amount claimed and interest, the sum of $345. By that verdict, the jury have found that the plaintiffs were employed by the defendant individually, and not as the agent of his wife, to dispose of the Long Branch and Verona properties, by sale or exchange.

It matters not whether the title was in the name of Thorndike Saunders or Emma Saunders. If the defendant employed the plaintiffs to dispose of the properties, he is liable. The testimony and the facts disclosed in the case do not sustain the defendant's contention that the plaintiff Richters made false statements or representations regarding the rents, taxes, or mortgages upon the Brooklyn apartment houses. The defendant examined the Brooklyn apartment houses himself, and so ascertained their condition, value, and the amount of the rents and income, etc. This knowledge of the apartment houses must be regarded as the basis of defendant's consent to make the exchange, and the finding of the jury must be regarded as conclusive in favor of the plaintiffs. The fact that the plaintiffs represented both parties to the exchange of the properties, and expected to receive a commission from both parties, with full notice to the defendant, and knowledge by him of such fact, does not constitute a defense to this action. Lansing v. Bliss, 86 Hun, 205, 206, 33 N. Y. Supp. 310; Rowe v. Stevens, 53 N. Y. 621; Bonwell v. Auld (City Ct. N. Y.) 27 N. Y. Supp. 936. "If a party employs a broker agreeing to pay him for his service, and has knowledge that he is also to be paid or expects to be paid by the other party, the agreement will be enforced." Lansing v. Bliss, 86 Hun, 209, 33 N. Y. Supp. 310. And this is so whether the broker's services involve the exercise of discretion or not. The jury have determined the conflict between the parties, and we find that their verdict is supported

by a fair preponderance of evidence.    None of the exceptions taken
by the defendant require discussion.

The judgment and order appealed from should be affirmed, with
costs.