### PLILER v. THOMPSON.

No. 10352—Opinion Filed Dec. 6, 1921.

Rehearing Denied Jan. 10, 1922.

(Syllabus.)

1. **Frauds, Statute Of — Real Estate Broker's Contract—Right to Recover Commission.**

The usual provisions of the statute of frauds requiring contracts for the sale or purchase of real property to be evidenced by a written memorandum thereof are intended to apply only to agreements which contemplate effecting a change of some kind in the title of the property involved.

and have no application to a mere contract of employment of a real estate broker in securing a purchaser for the property so as to defeat the rights of such a broker acting under parol authority to recover the agreed commission.

## 2. Brokers—Commission for Sale of Land —Acceptance by Landowner of Prospective Purchaser.

Where a real estate broker is employed to procure a purchaser for property listed with him and presents to the principal a proposed purchaser, it is for the principal then to decide whether the person presented is acceptable, and if without any fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented, and at the time waives an enforceable contract from the purchaser, and thereafter the sale fails by reason of the fault of the owner, the broker would be entitled to the commission contracted for.

## 3. Same — Sale of Homestead — Effect of Wife's Refusal to Convey.

Where one employs a real estate broker to find a buyer for land which he occupies with his wife as a homestead, and the broker produces a purchaser ready, willing, and able to take the property upon the prescribed terms, the broker's claim for compensation is not defeated by the fact that a sale is prevented through the refusal of the wife to execute a conveyance.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by Ray Thompson against John F. Pliler to recover real estate broker's commission. Judgment for plaintiff, and defendant brings error. Affirmed.

A. C. Towne, for plaintiff in error.

F. D. Adams and Vern E. Thompson, for defendant in error.

PITCHFORD, V. C. J. This action was instituted by the defendant in error against the plaintiff in error in the district court of Ottawa county, Okla., seeking judgment for $223.75 for commissions in securing a purchaser for 159-acre farm in said county. For convenience, the parties will be hereafter designated as they appeared in the lower court.

There is little conflict, if any, in the evidence. The facts established are substantially as follows: During the month of May, 1916, the plaintiff, being engaged in the real estate business, had listed with him by the defendant certain land for the purpose of securing a purchaser therefor at the rate of $50 per acre, a total sum of $7,950. Plaintiff was to receive a commission of $223,75, in the event a purchaser was found.

Plaintiff found a purchaser in the person of Mr. Robinson. The defendant and purchaser were brought together by the efforts of the plaintiff. A contract had been prepared by plaintiff to be signed by the purchaser, which provided a $500 forfeit should be put up by the purchaser. After the parties were brought together, Mr. Robinson stated that it was not necessary to sign the contract; that he would take the land and pay the consideration, provided that the title was approved by his attorney. This was acquiesced in by the defendant, stating that Mr. Robinson's word was good to him and he did not require him to put up any forfeit. The defendant, in the office of the plaintiff, phoned to the bank which held a loan against the property and notified the bank to mail to plaintiff the abstract, which was done. The defendant paid for bringing the abstract down to the date of the sale and requested plaintiff to get a release of the mortgage executed and come to his place and he and his wife would execute the deed. When the plaintiff, who was also a notary public, went to the home of the defendant to have the deed executed, the wife of the defendant refused to join in the sale or sign the deed. The defendant, however, was willing to execute any instrument necessary, but the property being the homestead of defendant and his wife, Mr. Robinson refused to buy unless Mrs. Pliler would join in the sale and sign the deed.

Judgment was rendered in favor of plaintiff for the amount sued for.

The defendant appeals and assigns certain errors which may be discussed under two propositions: First, that the contract with plaintiff to find a purchaser, being in parol, was not enforceable; and second, that the farm listed for sale was the homestead and the plaintiff was not entitled to recover unless the wife of the defendant had joined in the contract of employment. In answer to the first contention the statute of frauds has no application to a contract of the nature entered into by plaintiff and defendant. It is not a contract for any interest in the land by the real estate broker; he is only employed to find a purchaser, and his right to recover is the same as if he had been employed to find a purchaser for any other property owned by defendant. This principle is succinctly stated in 25 R. C. L. par. 138, as follows:

"An agreement by one person to purchase land for the benefit of another and as his agent is held in some cases a contract of agency merely and not within the statute, in so far as the right of the former to be

reimbursed on account of the purchase is concerned, though the purchase was to be made in the agent's name. It is also held that a contract whereby one is employed to purchase land as an agent, title to be taken in the name of the principal, is not within the statute so as to preclude the principal from maintaining an action of damages for breach of the contract, a distinction being made between such a contract and one under which the agent is to purchase in his own name and thereafter convey to the principal. So a contract to negotiate a purchase or sale on behalf of the principal is not affected by the statute, in so far as the agent's right to compensation is concerned."

In Flegel v. Dowling (Ore.) 102 Pac. 178, in the body of the opinion, the rule is stated as follows:

"The second objection to the validity of the contract. viz., that the authority of Maguire to act as agent of Dowling in making a contract for the sale of the property in question should be in writing and that it cannot be shown by parol proof, is not well taken, because it is not alleged, nor is it attempted to be shown, that Maguire undertook to make a contract concerning the sale of real property, or that he had authority from defendant to enter into an agreement with another concerning the sale of this property. Maguire testifies that the arrangement with Dowling was 'just the same as any other real estate man would have. I had a verbal agreement, and he gave me the price he wanted to sell at, and I listed it the same as I would any other property.' The memorandum signed by Maguire as agent does not purport, upon its face, to make an agreement concerning real property, but amounts to no more than an acknowledgment by Maguire of the receipt of an offer from Kregar to the owner for the purchase of the property upon the terms therein stated, 'subject to the owner's approval, accompanied by the tender of a part payment as evidence of good faith, which offer Maguire was authorized to receive and communicate to the defendant for his acceptance or rejection." To the same effect see Friedman v. Suttle (Ariz.) 85 Pac. 726; Snyder v. Wolford, 33 Minn. 175, 53 Am. Rep. 22; Baker v. Wainwright, 36 Md. 336, 11 Am. Rep. 495.

The defendant next contends that the plaintiff was not entitled to recover any judgment for commission for the reason Mrs. Pliler had not joined with her husband in placing the property in the plaintiff's hands for sale; that the property being the homestead of the defendant and his wife, the deed of the defendant would be of no validity unless the same were signed by the wife.

There seems to be no conflict in the evidence as to the fact that plaintiff had been employed by the defendant to find a purchaser, or the defendant and buyer had been brought together by the efforts of plaintiff, and that while together they negotiated their own deal. The question of reducing their agreement to writing was discussed and when it was stated by Mr. Robinson that it was unnecessary to execute a written contract, the defendant acquiesced. This question has been decided by this court in the case of McCartney v. Shores, 77 Okla. 273, 188 Pac. 663, where it is held:

"Where a real estate broker is employed for a commission to be paid to procure a purchaser for property listed with him and presents to the principal a proposed purchaser, it is for the principal then to decide whether the person presented is acceptable, and if without any fraud, concealment, or other improper practice on the part of the broker the principal accepts the person presented and enters into an enforceable contract with him for the purchase of the property, the commission is fully earned."

So when the plaintiff presented to the defendant Mr. Robinson, it was for the defendant then to decide for himself whether or not the purchaser was acceptable, and had he informed Mr. Robinson at the time that he would not consider his proposition to purchase unless he signed a contract binding himself, and this had been refused by Mr. Robinson, then in that event the plaintiff would not be entitled to recover his commission. But when the would-be purchaser was presented and was accepted by the defendant, and the written contract was waived, and thereafter the sale failed by reason of the fault of the owner, then the broker had earned the commission contracted for.

When property is placed in the hands of a real estate broker for sale, it is not required of the broker that he shall examine the title of his principal to the property listed and ascertain at his peril whether or not such title is perfect. The broker is not concerned with the title; he has a right to presume that his principal owns land or is authorized to make a sale thereof when the same is listed with the broker. And when it appears, as in the instant case, that the broker was employed by the defendant to find a purchaser and the purchaser was secured, who was in every respect acceptable to the defendant, and it developed that the land listed was the homestead of the defendant and his wife, the defendant cannot escape liability because of the fact that his wife refused to join in the sale and sign the deed with the defendant.

In the case of Staley v. Hufford et al. (Kan.) 85 Pac. 763, the court says:

"Where one employs a real estate broker to find a buyer for land which he occupies with his wife as a homestead, and the broker produces a purchaser ready and willing to take the property upon the prescribed terms, the latter's claim for compensation is not defeated by the fact that a sale is prevented through the refusal of the wife to execute a conveyance."

In the case of Hamlin v. Schulte (Minn.) 27 N. W. 301, it is said:

"A real estate agent employed to procure a purchaser of real estate, but not to execute a contract on behalf of the seller, is entitled to his compensation, where it appears that he has procured such purchaser, able, ready, and willing to make and complete the purchase upon the terms stipulated between such agent and his principal, though in consequence of the default of the seller, or his inability to make a good title, no sale is finally consummated."

In Kemper v. Ford (N. D.) 111 N. W. 619, the rule is stated as follows:

"The fact that a portion of the land embraced in the contract consisted of the homestead of defendant and his wife, and that the latter did not join in the execution of the contract, does not render such contract invalid, as it was not a contract for the sale of the property, but a mere agreement on defendant's part to compensate plaintiff for finding a purchaser."

In view of the principles enunciated in the foregoing authorities, we are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.