## UNITED STATES ZINC CO. v. LITTLE et al.

No. 15111—Opinion Filed April 7, 1925.

**1. Master and Servant—Workmen's Compensation Law—Review—Finality of Decision on Facts.**

The decision of the State Industrial Commission is conclusive and final as to questions of fact, except when there is absolutely no legal evidence to support such decision, when the same may be reviewed as a matter of law.

**2. Same—Award Sustained.**

Evidence examined, and held, that there is some legal evidence to support the award.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Action by the United States Zinc Company to vacate an award made by the State Industrial Commission in behalf of D. Homer Little. Affirmed.

Shell S. Bassett, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for defendant in error.

Opinion by JARMAN, C. This is an original action in this court by the United States Zinc Company to vacate an award made by the State Industrial Commission in behalf of D. Homer Little, claimant.

D. Homer Little was employed as a mechanic by the United States Zinc Company in its plant at Henryetta, Okla.; and he contends that while working on a rake in the roaster, which is an oven for heating ore, particles of hot ore dropped in his right eye, and, on the seventh day thereafter, he lost the sight of said eye completely. It is contended by the claimant that the loss of the sight of said eye is due to the accident above referred to; while the respondent. United States Zinc Company, denies that the sight of said eye was destroyed in this manner, and alleges that the same was due to syphilis. Evidence was produced before the Industrial Commission by both parties to sustain their respective contentions.

The respondent, United States Zinc Company, claims that there is no evidence to sustain the findings and the award of the Commission, and contends that the only evidence introduced on behalf of the claimant, connecting the loss of sight with the injury which the claimant claimed he received, was the testimony of Dr. Randall, who, the respondent claims, examined the claimant more than six months after the injury was received and who testified to the condition of the claimant's eye as shown by two X-ray photographs which were taken by Dr. Ming, but were never produced in evidence before the Industrial Commission. Dr. Randall testified that he found no foreign substance in the eye of claimant and that his opinion. that the sight was destroyey by a foreign substance in the eye, was based upon the X-ray pictures made by Dr. Ming, showing a foreign substance in said eye. It is the contention of the respondent that this evidence is purely hearsay on the part of Dr. Randall, and that there is no legal evidence to support the award, and, therefore, the same should be reviewed in this court as a matter of law. Associated Employers' Reciprocal et al. v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862. If there is no legal evidence to support the findings of the State Industrial Commission, as to questions of fact, then the same may be reviewed here as a matter of law, but, upon investigation, we are unable to agree with the respondent in its contention. In the first place, the claimant testified that he had never had any trouble with his eyes prior to this accident, and that thereafter he continuously suffered great pain in his right eye, and that the sight of his right eye began to diminish from the time of the accident for a period of seven days thereafter, when he lost the sight thereof completely. After the accident, the claimant was sent immediately to Dr. Powell for treatment, who, in turn, referred the claimant to Dr. Holmes, who testified that he took some foreign substance out of claimant's eye and that said eye was red and inflamed at that time, and that there was a scar on the cornea.

The testimony of the claimant and of Dr. Holmes is sufficient to sustain the award of the Commission. At least there is some evidence to support the findings of the Commission and. therefore, the same is final and cannot be reviewed here.

The award of the Industrial Commission is, therefore, affirmed.

By the Court: It is so ordered.

Note.—See C. J.—Cyc.—Workmen's Compensation Acts; under (1) pp. 122, 123 § 127; (2) p. 122 § 127.