## MEAD BROTHERS, Inc., et al. v. WATTS et al.

No. 19219.    Opinion Filed Dec. 31, 1928.

Clayton B. Pierce, for petitioners.

Edwin Dabney, Atty. Gen., and Ralph Thompson, Asst, Atty. Gen., for respondents.

RILEY, J.  On March 29, 1927, J. W. Watts, while employed by Mead Brothers, sustained an accidental injury consisting of fractured bones of the left leg.  On June 9, 1927, claimant was discharged from active treatment with overlapping union of both fractured bones of his leg (tibia and fibula left).  On February 18, 1928, the State Industrial Commission awarded claimant compensation based upon 40 per cent. permanent loss of use of a leg, and directed payment to him for a period of 70 weeks at the rate of $18 per week.

Petitioners urged (1) that there was no evidence to support the award for 40 per cent. permanent loss of use of the leg of claimant, and (2) prejudicial error in the admission of testimony of Dr. E. S. Sullivan.

As to the first proposition the rule is:

"The decision of the Industrial Commission as to facts is final, if there is any competent evidence to support the same."  Arrow Gas. Co., v. Holloway, 122 Okla. 257, 254 Pac. 98; Courson v. Con. Fuel Co., 121 Okla. 170, 249 Pac. 155; U. S. Zinc Co. v. Little, 109 Okla. 214, 235 Pac. 523.

We find the evidence sufficient upon which to base a finding of at least 40 per cent. loss of use.  An example is as follows (Record, 63)—Dr. Sullivan:

"Q. Now as to his disability, the practical use of that leg, what would you say after viewing the condition of the injury as shown by Exhibit B taken on the 1st of December, 1927?  A.  Well, without some operative procedure, I would not consider the leg worth anything to him so far as his occupation is concerned."

Again, on cross-examination:

"Q. You mean that leg is entirely worthless?  A.  Yes, for a workingman. * * * A. It will be permarent over a long period of time; he might regain a partial use of it for physical labor."

Dr. Bolen, it is true, testified his judgment of the per centum of disability was from 20 to 25 per cent., but we hold the Commission's finding was within the range of the evidence.  Under the second proposition, objection was made to a hypothetical question propounded and answered by Dr. Sullivan.  It is asserted the question was objectionable because assumption of fact contained in it had not been definitely proved, and consequently it was prejudicial and constituted reversible error.  It is further contended that the answer was based in part upon the doctor's examination and investigation of the claimant's injuries about which he testified.  We hold the objection highly technical.

17 Cyc. 234, states a rule of liberality in such testimony:

"In the field of medical knowledge a wide range of expert testimony is received.  A properly qualified physician or surgeon or veterinary may state the present and probable future effects of a certain occurrence on the body, mind or nervous system of the person or animal affected, as the case may be, including the element of permanence, and what would be a sufficient cause for a given result.  He may state whether certain detailed occurrences would be a sufficient cause of a given condition."

There was evidence upon all assumptions of facts contained in the hypothetical question asked Dr. Sullivan.  His examination and investigation is a part of the record and made so upon his testimony.  (59, Record.) Hathaway v. Nat. Life Ins. Co., 48 Vt. 335; Ragland v. State (Ala.) 27 So. 983.

The rule concerning such questions is stated in 17 Cyc. 244:

"Hypothetical questions must be based upon facts as to which there is such evidence that a jury might reasonably find that they are established; but it is not necessary that the facts should be clearly proved."

After all, the scope of a hypothetical question is largely within the exercise of sound discretion of the trial judge. 17 Cyc. 244.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 827, et sequ.; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1766; 7 R. C. L. Supp. p. 1011.