## DANIELS et al. v. POPE et al.

No. 19877. Opinion Filed Sept. 24, 1929.

Owen & Looney and J. Fred Swanson, for petitioners.

P. L. Long, for respondents.

MASON, C. J. This is an original proceeding commenced in this court by Gertrude P. Daniels and the United States Fidelity & Guaranty Company, as petitioners, to review an award in favor of the respondent, Grant Pope.

The record discloses that Pope, hereinafter referred to as claimant, was in the employ of Gertrude P. Daniels, owner of the Alexander Hotel, as a bell boy, on and prior to June 24, 1926; that on said date the claimant sustained an accidental personal injury arising out of and in the course of his employment, wherein both legs were broken. It further appears that on May 4, 1928, the State Industrial Commission made an order denying the motion of Gertrude P. Daniels and the insurance carrier to discontinue payment of compensation and ordered payments to continue at the rate of $16.73 per week until further order. On September 26, 1928, pursuant to a motion filed by Gertrude P. Daniels and the insurance carrier, a hearing was had before the Commission to determine the extent of disability of the claimant as a consequence of the injury. Thereafter, on October 8, 1928, the State Industrial Commission entered an award wherein it was ordered that compensation payments continue. The award was based upon the following findings:

'That on June 24, 1926, the claimant sustained an accidental personal injury arising out of and in the course of his employment with the respondent while engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law, as a result of which claimant was temporarily totally disabled and was so disabled on September 26, 1928."

A motion was filed by Gertrude P. Daniels and the insurance carrier to vacate said order, which motion was overruled by the Commission, and this proceeding was then filed to have said order of October 8, 1928, vacated and set aside.

Petitioners concede in the brief filed herein that the findings of fact of the State Industrial Comission are conclusive upon this court, and will not be reviewed, where there is any competent evidence to support the same, so .it is unnecessary to discuss this question or cite any authorities in support of this well-established rule. Petitioners contend, however, that there is no evidence whatever to support the findings of fact of the Commission herein and the order based thereon. This calls for a review of the record on our part, and while the rule is well established that this court will not review findings of fact by the Commission, yet if it appears from the record that the particular award made by the Commission is wholly unsupported by any evidence, this court will reverse the same. United States Zinc Co. v. Little, 109 Okla. 214, 235 Pac. 523. This is the only question presented herein for our determination.

Dr. Fred Cronk, who examined the claimant at the instance of the State Industrial Commission, testified, in part, as follows:

"A. My conclusions were that this man has rather good appearing legs in that they are quite straight; the musculature is fairly well developed; there are some adhesions due to the scarring through the muscles of the front of the leg. This I feel accounts for some of the inability to flex the ankle and would give rise to a moderate amount of discomfort especially with walking. Q. Dr. Cronk, what is your opinion with reference to this claimant's ability to do work where he could earn wages? A. So far as my findings were concerned, I don't feel this man was able to do the heavier work. I felt he had some discomfort because of these adhesions, but I found no definite reason why he should not be able to do light work. * * * Q. Doctor, do you think from the medical examination you made that this man's condition is such that he could do the work that a bell boy is required to do if that kind of work consisted of walking up and down as many as four flights of stairs and—in a hotel and carry trunks and suit cases in the hotel weighing as much as 100 pounds and running hurried calls, scrub and mop floors and run the elevator—do you think this man would be in such condition—do you think he is in such condition that he could do that work? A. There are a few things you have stated that he couldn't do for a while."

The claimant was the only other witness who testified as to his condition. He testified:

"Q. Are you able to work at this time, Grant? A. I am not. Q. What are you doing with reference to an effort to overcome the injury you sustained in this matter? A. I am exercising, just as the doctor told me, and walking. Q. Have you endeavored to do such things as you could do in an effort to overcome the injury. A. Yes, I have been fooling around the house is about all, and walking. I can't pick up anything heavy. I can't stand to lift. Q. Can you tell the

court approximately what distance you walk every day in an effort to see if you can overcome your disability. A. I walk probably eight or ten blocks and my legs get stiff in my ankles and I can't hardly bear it."

Petitioners urge that the claimant should have brought in skilled and professional men to prove his continued disability. Dr. Cronk testified that the claimant appeared before him for examination using a cane or some other support. The claimant testified that his ankles were stiff and sore and that he was using a stick for support. In the case of Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 Pac. 1103, it is said:

"It does not require an expert to tell or to determine whether or not the man himself is able to walk. The injured party knows the extent of his disability or his inability to walk."

After a careful examination of the entire record in this case, we conclude that it contains competent evidence to sustain the finding of the State Industrial Commission and the order based thereon. The petition for review, therefore, must be, and the same is hereby, denied.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.