## CURETON v. CRUM.

No. 19473.   Opinion Filed June 17, 1930.

Commissioners' Opinion, Division No. 2.

J. F. Boettcher, for plaintiff in error.

Chastain & Harris, for defendant in error.

EAGLETON, C.   Henry O. Crum brought suit in the district court of Oklahoma county against Otis R. Cureton to recover certain money alleged to be due him for commission on the sale of certain real estate and alleged that the plaintiff was a real estate broker, that he had listed for sale certain real property owned by J. B. Barnes, that he entered into a contract with the defendant, who was also a real estate broker, and listed this property with him on the agreement that the commission for the sale should be split equally between them, that the defendant sold the property, collected the commission and had failed to pay him, the plaintiff, his portion of the commission. The defendant answered by general denial. It was tried to the court without a jury and judgment was

52

entered for the plaintiff. The defendant appeals to this court. The parties will be referred to as they appeared in the trial court.

Defendant first contends that, inasmuch as the plaintiff did not have a written contract with the owner of the land to make the sale thereof, his contract was void under the statute of frauds. With this contention we cannot agree, for the statute of frauds has no application to a mere contract of employment of a real estate broker in securing a purchaser for the property so as to defeat the rights of such broker, acting under parol authority, to recover the agreed commission. Pliler v. Thompson, 84 Okla. 200, 202 Pac. 1016.

The defendant next urges that the evidence does not sustain the judgment. This is a law action, and if there is any competent evidence reasonably tending to support the judgment, the same will not be disturbed on appeal. The evidence on the part of the defendant discloses that Barnes listed this property for sale with Crum; that Crum advised Cureton that he could deliver title to this property at a certain price and that he, Cureton, without further listing from any source, advertised the listing of this property; that the purchaser who was obtained for this property saw this advertised listing, went to Cureton's office, and Williams, who worked out of Mr. Cureton's office on a commission basis, exhibited the property; that Williams went to Crum to find the exact location of the property before he could show it: that the sale was actually made by Williams, the title thereto delivered and Williams collected the full commission therefor. This evidence reasonably tends to support the judgment in the cause. An examination of the record discloses that there is no prejudicial error therein and that justice has been done. The cause is therefore affirmed.

The defendant in error directs the court's attention to the supersedeas bond filed, a copy of which appears in the case-made on file in this court, and prays for judgment thereon. Otis R. Cureton executed the bond as principal and W. J. Singletary signed it as surety. The judgment was entered on January 31, 1928, for the sum of $375 and the costs of this action. Let judgment run against the principal and surety on said bond in said amount with interest from the date of the judgment hereby affirmed.

Since this appeal was filed, Otis R. Cureton died and the cause was revived as to the plaintiff in error, Otis R. Cureton, deceased, in the name of Mrs. Beula H. Cureton and

Lee Cureton, heirs at law of Otis R. Cureton, deceased.

BENNETT, HALL, HERR, and REID, Commissioners, concur.

By the Court: It is so ordered.