## OWEN v. KITTERMAN.

No. 26420.   Dec. 1, 1936.

Rehearing Denied Dec. 22, 1936.

M. C. Rodolf and Parker Davis, for plaintiff in error.

Hughey Baker, for defendant in error.

PER CURIAM. Wade P. Owen, doing business as Kansas City Market, has appealed from a judgment for personal injuries recovered against him by Constance Kitterman, plaintiff below. The sole question presented is the sufficiency of the evidence to support the verdict. In passing upon that question we must view the evidence in the light most favorable to the plaintiff.

The facts are these: Wade P. Owen owned and operated a grocery store open to the public, in the city of Tulsa, Okla. On the 12th day of July, 1934, about 5 o'clock p. m., Constance Kitterman went to the grocery store to purchase some mayonnaise. She was looking up on some of the higher shelves for the article she desired to purchase, and as she turned to walk out of the store she slipped and fell. As she fell she saw a porter with a broom in his hand, and a litter of beans and lettuce over the floor between them. The porter was about three feet away from her; she did not see him until she fell. The floor was very slick and of a hard surface. Constance Kitterman testified that she slipped and fell on a bean, because she looked to see what it was that she had slipped on when she got up. It appeared from the testimony of the clerks in the store that at the point the plaintiff fell there were exhibited wet or damp letture, green beans, and a general line of vegetables placed in baskets on or near the floor; that the customers were in the habit of waiting on themselves; that the floor was hard and slick; that wet beans had been allowed to lie on the floor at times, and that several other people had slipped on them before.

The manager admonished one of the clerks

in Constance Kitterman's presence, "I have told and told you boys to keep the beans off of the floor, and here is a lady with a broken arm."

The clerks testified they had been instructed to keep the beans off the floor. The porter, without warning, had swept green beans and lettuce toward the plaintiff and created a dangerous and unsafe condition at the place where she could be expected to walk.

The general rule as to invitees is found in 45 C. J. p. 823, sec. 235, subsec. 2:

"While the owner, occupant, or person in charge of property is not an insurer of the safety of an invitee thereon, he owes to an invitee the duty of exercising reasonable or ordinary care for his safety, and is liable for injury resulting from breach of such duty. * * *"

The rule is further stated in 45 C. J. p. 837, sec. 245, subsec. 7:

"In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises, the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it."

It was the duty of the defendant to exercise reasonable or ordinary care for the safety of his patrons. It appears from the testimony of the clerks that the presence of wet or damp green beans on the hard, slick floor constituted a dangerous condition. The clerks testified that wet or damp beans had been allowed to lie on the floor and that several other people had slipped prior to that time. This testimony, together with the statement of the manager, clearly imputed knowledge of the dangerous condition to the defendant. The clerks testified that they had been instructed to keep the beans off the floor. The manager told the clerks that he had warned them, and expected something of the kind to happen.

The facts warranted the jury in finding that Wade P. Owen did not exercise reasonable or ordinary care for the safety of his customers, and that the dangerous condition of his premises was known to him or had existed for such a time that it was his duty to know of it.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Reford Bond, Jr., Adrian Melton, and D. M. Caviness in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bond and approved by Mr. Melton and Mr. Caviness, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.