WHITEHEAD v. ERLE P. HALLIBURTON, Inc.

No. 30283. Jan. 27, 1942.

*121 P. 2d 581.*

C. W. Clift and Norman J. Futor, both of Oklahoma City, for plaintiff in error.

Ames, Cochran, Monnet, Hayes & Ames, of Oklahoma City, for defendant in error.

PER CURIAM. The parties occupy the same positions in this court as they

did in the trial court, and will be referred to as plaintiff and defendant. The action was instituted by the plaintiff to recover damages for personal injuries which she had sustained as the result of a fall down a stairway in defendant's place of business. The plaintiff alleged that the defendant was negligent in permitting waste paper to accumulate and remain on a stairway, and that this was the proximate cause of her fall and resulting injury. The defendant denied all liability and averred that plaintiff had sustained her injuries either as the result of her own negligence or else as a consequence of an unavoidable casualty and misfortune. Trial was had to a jury. The fall and resulting injury were not denied. The issue in controversy was whether the defendant was guilty of any primary negligence. The evidence on this point was confined to the testimony of plaintiff and was, in effect, that plaintiff while descending a stairway in defendant's place of business had reached the fourth or fifth step from the bottom when she slipped and fell, and that after her fall she looked back and observed some strips of waste paper on the stairway at about the point where she first slipped and that she attributed her fall to the presence of such paper on the stairway. There was no evidence whatsoever to show that the defendant either knew of the presence of such paper on the stairway or that it had been thereon for sufficient length of time to justify the inference that the defendant should have known of its presence. Demurrer of defendant to the evidence of plaintiff was overruled, however, and its motion for directed verdict was likewise denied. The court thereupon undertook to instruct the jury upon the legal theories of the respective litigants. The plaintiff neither took nor saved any direct exceptions to any of the instructions so given, but was by the court allowed an exception to one instruction which was given upon request of the defendant. The jury returned a verdict in favor of the defendant. Motion for new trial, which made no reference to any error in the instructions, was over-ruled. The plaintiff then appealed the cause to this court and in the petition in error here has failed likewise to make any reference to the sufficiency of the instructions given by the trial court.

The plaintiff in her brief, however, urges as grounds for reversal of the judgment below the failure of the trial court to properly instruct the jury upon the tenable legal theories of the respective litigants and complains particularly of error in three instructions given by the trial court. The premise for the contentions so made rests upon the rule which requires a court upon its own initiative to instruct the jury upon the tenable legal theories of the respective litigants and makes the failure so to do fundamental error as enunciated in Riser v. Herr, 187 Okla. 211, 102 P. 2d 178, Lacy v. Wozencraft, 188 Okla. 19, 105 P. 2d 781, and numerous other decisions unnecessary to cite. The contention so made might have merit if this were a case which should have been submitted to the jury in the first instance, but is wholly inapplicable to the situation here presented. The plaintiff was seeking to impose a liability upon the defendant for an injury alleged to have been sustained by reason of a dangerous condition existing on the premises of the defendant, and therefore as a prerequisite to a recovery had to prove that such condition was known by the defendant to exist or else that such condition had existed for such a time that it was the duty of the defendant to have known of its existence. See Owen v. Kitterman, 178 Okla. 483, 62 P. 2d 1193. The burden was upon the plaintiff to establish by her evidence, first, the existence of a duty on the part of the defendant to protect plaintiff from injury; second, failure of defendant to perform that duty; third, injury to the plaintiff resulting from such failure. See Lakey v. North McAlester Coal Co., 98 Okla. 130, 224 P. 309. The evidence of plaintiff merely established the presence of some strips of waste paper on the stairway. It wholly failed to show how such paper came to be upon said stairway or what length of time it had been thereon.

The mere presence of the paper upon the stairway was not sufficient to show any actionable negligence on the part of the defendant. The defendant owed a duty to the plaintiff to exercise reasonable care to keep its premises in a safe and suitable condition for ordinary use by the plaintiff, but it was not an insurer of the safety of the plaintiff. The evidence of plaintiff was such that it could just as reasonably have been inferred therefrom that plaintiff's fall had been caused by or resulted from unavoidable accident or misfortune. In the absence of evidence that paper had been on the stairway for a sufficient length of time so that in the exercise of ordinary care the defendant would have discovered and removed it, there was a failure of proof of any primary negligence or breach of duty on the part of the defendant and there was no issue of fact to submit to the jury. The fact that the court overruled the demurrer of the defendant to the evidence of plaintiff and denied defendant's motion for directed verdict and submitted the cause to the jury did not alter the situation in any respect. Such error was one of which plaintiff was not entitled to complain, and the jury having returned a verdict which accorded with the judgment which should have been rendered by the court, any error in the instructions became immaterial. See Scott v. Folsom-Morris Coal Co., 138 Okla. 147, 280 P. 622; Essary v. Lowden, 189 Okla. 257, 116 P. 2d 712.

The record here submitted presents no reversible error; therefore, the judgment of the trial court should be, and the same is, in all respects affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY and DAVISON, JJ., absent.