## ANDERSON v. HILL.

No. 31935. Nov. 20, 1945.

Rehearing Denied Jan. 8, 1946.

*164 P. 2d 623.*

Bruce & Rowan, of Oklahoma City, for plaintiff in error.

A. E. Pearson, of Oklahoma City, for defendant in error.

PER CURIAM. On the 8th day of December, 1943, Luther Hill, hereinafter called plaintiff, filed his action against the defendant, A. J. Anderson, to recover $100 for a broker's commission. The cause was tried to a jury and verdict for $100 returned and judgment entered thereon. Defendant has appealed and in three general propositions divided into paragraphs, referred to hereinafter, seeks to reverse the judgment.

Plaintiff testified that on the 13th day of August, 1943, he entered into a contract with the defendant to sell the real property located at 1007 N. Kelley, in Oklahoma City, for $4,250 cash or $4,500, one-half for cash and one-half deferred payments. For the sale of this property he was to receive $100; that in pursuance thereof he found a purchaser ready, able, and willing to buy in the person of Kelley Reed; that the defendant refused to sell on the terms and conditions agreed to in the contract; that said contract was oral.

Defendant testified that the property belonged to him and his wife; that the plaintiff knew this and also knew that the defendant's wife had filed an action

for divorce; that any agreement made with the plaintiff relative to the sale of the real property was necessarily based on the consent of the wife; that this was clearly understood by the plaintiff at all times.

For reversal of the judgment under proposition one the defendant first argues that the contract was void because it was not in writing. In the absence of a statutory requirement specifically applicable thereto, the contract of employment between a broker and his principal may be either oral or in writing, and the provisions of the general statute of frauds requiring contracts for the purchase or sale of real property to be in writing have no application. 8 Am. Jur. p. 1001, Brokers, § 22; Cureton v. Crum, 144 Okla. 51, 289 P. 352.

It is next argued under **proposition one** that the defendant never agreed to pay $100 as a commision except on the understanding that the defendant's wife consented to such agreement; that the defendant's wife, Della Anderson, never consented to such agreement, and therefore there is no evidence sustaining the verdict of the jury and the judgment of the court entered thereon.

In an action for a broker's commission the question of terms on which the property was listed and the procuring cause of sale are issues of fact for the jury where the evidence is conflicting. The evidence in the case at bar on this question was in irreconcilable conflict. There is competent evidence reasonably tending to support the verdict. The judgment based thereon will not be disturbed. Johnston v. Dill, 162 Okla. 125, 19 P. 2d 354.

In the second proposition it is argued that the plaintiff never produced a purchaser, able, ready, and willing to buy on the conditions agreed upon by the parties. In this connection it is argued that the plaintiff never presented a binding contract with Kelley Reed. This argument is so interwoven with the second part of the first proposition that it is difficult to discern the attitude of the defendant in relation thereto. We must assume that the jury found that the plaintiff and the defendant alone entered into the contract and disregarded the defense that it was necessary to have the consent of Della Anderson, the wife of the defendant. The testimony offered by the parties was in conflict and the rule generally applied in such case is that a general verdict of the jury is a finding of every necessary fact in connection with the verdict. The argument, therefore, remains that the plaintiff never found a purchaser ready, willing, and able to buy. The rule in such case has been stated that where a real estate broker furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and if thereafter the seller refuses to comply with his contract, the agent is not required to procure or tender to seller an enforceable contract of purchase. Equitable Life Assur. Soc. U. S. v. Home, 184 Okla. 542, 88 P. 2d 887.

After the plaintiff informed the defendant that Kelley Reed was ready to purchase the premises on the agreed conditions, the defendant declined to sell, assigning as his reason that his wife would not agree to sell. That is his chief defense herein. The rule announced above is applicable.

The final proposition is that Kelley Reed never existed, but is a dummy created in the imagination of the plaintiff in furtherance of a scheme to defraud the defendant. What has been said above on the other propositions disposes of this final argument.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.