H. W. DIPPEL and W. H. Giles, Plaintiffs in Error,

v.

E. G. MURR, Defendant in Error.

No. 36438.

Supreme Court of Oklahoma.

April 17, 1956.

Claude V. Thompson, Ada, for plaintiffs in error.

W. V. Stanfield, Ada, for defendant in error.

JOHNSON, Chief Justice.

The death of E. G. Murr and the revival of the action in the name of the administratrix of his estate is noted, but herein we shall refer to the parties as they appeared in the trial court.

This action was commenced in the District Court of Pontotoc County, Oklahoma, by E. G. Murr as plaintiff, for the recovery of a real estate commission allegedly due him for his efforts in selling the ranch properties of defendants, H. W. Dippel and W. H. Giles.

Defendants admitted the ownership of the property involved in the sale and that the property was sold to the parties named by plaintiff as purchasers, but denied that the plaintiff's actions were the motivating cause of the sale, or that the defendants ever listed their property with plaintiff to sell, or that they authorized him to sell their property, and further plead that the plaintiff was not the procuring cause of the sale of their lands.

The cause was tried upon the pleaded issues and resulted in a jury verdict for the plaintiff, which verdict was approved by the trial court and judgment rendered accordingly, resulting in this appeal.

Defendants for reversal interpose four propositions, or contentions of error—(1) that the evidence does not support the verdict that plaintiff was the procuring cause; (2) that the court erred in giving instructions numbers 3 and 5; (3) that the court admitted prejudicial evidence over the objections of defendant; (4) misconduct of plaintiff's attorney, prejudicial to the defendants which prevented them from receiving a fair trial.

As to defendants' first proposition, there is no dispute as to the law governing the rights of a real estate broker. Only the sufficiency of the evidence to establish the brokerage relationship and whether the plaintiff was the procuring cause of the sale of defendants' property is questioned.

In addition to the admissions above referred to, the record discloses that the testimony adduced by the plaintiff and the defendants is in sharp conflict on the issues, but each testified in accord with their allegations, that is, plaintiff was positive in his statement that he was the licensed real estate broker employed by the defendants and was the procuring cause of the sale. He was corroborated in this by others. On the other hand, the defendants' evidence was to the effect that they did not employ the plaintiff, and that he was not the procuring cause of the sale. This, we think, invoked our long existing rule that "In a law action, tried to a jury, the verdict and judgment of the trial court will not be disturbed on appeal because of insufficiency of the evidence, if there is any evidence reasonably tending to support such verdict and judgment." Anderson v. Hill, 196 Okl. 304, 164 P.2d 623. For other cases see Oklahoma Digest, Brokers, 88 (2, 3).

In Anderson v. Hill, supra, we held that in actions for broker's commission, questions of terms on which property was listed and procuring cause of sale are for jury on conflicting evidence.

Proposition No. 2 is that the court erred in giving instructions numbers 3 and 5.

No objections were made to instructions 3 and 5 as given. No suggestions of error in the instructions were made by defendants when they were given, and defendants did not request that other instructions be given. In such case we will examine the record and all of the instructions to determine whether the trial court has performed its function in giving instructions which fairly and amply presented the cause to the jury. This we have done, and we find no substantial error.

We have carefully examined the record pertinent to the defendants' third and

fourth propositions. They are without substantial merit, and we deem it unnecessary to discuss them.

For the reasons given herein, the judgment is affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., concurs in result.