**J. C. PENNEY COMPANY, a Corporation, Plaintiff in Error,**

v.

**Delilah CAMPBELL, Defendant in Error.**

No. 37038.

Supreme Court of Oklahoma.

May. 6, 1958.

Rehearing Denied June 3, 1958.

Horsley, Epton & Culp, Wewoka, Dwight Tolle, Okemah, for plaintiff in error.

J. C. Daugherty, Hugh M. Sandlin, Holdenville, for defendant in error.

JOHNSON, Justice.

This is an appeal by J. C. Penney Co., a corporation, from a judgment rendered against it in the District Court of Okfuskee County in favor of Delilah Campbell for personal injuries received in falling on the floor in defendant's store, which injury is alleged to have been caused by the negligence of defendant.

The plaintiff alleged in her petition that while shopping in defendant's store she slipped and fell to the floor, causing her serious and permanent injury, which was caused by the negligence of defendant in

**1058**

that the floor where she fell was slick with oil or waxy substances which caused the floor to be slick, resulting in her slipping and falling; that the substances applied on the floor were not applied in the proper manner, but were left in large quantities at the place where plaintiff fell, all of which was known to the defendant or its employees, or could have been known with the exercise of reasonable care; that as a result of the fall she suffered a fracture of her shoulder and forearm and incurred hospital and doctor bills, suffered pain and permanent injury and prayed judgment for the sum of $3,000.

The defendant answered, admitting that it was a corporation licensed to transact business in this state, and that it operated a store in Henryetta; that plaintiff had an accident, but denied that it was caused by its negligence.

The trial resulted in a jury verdict in favor of the plaintiff which was approved by the trial court, and judgment rendered accordingly.

The defendant for reversal contends that there was no evidence of primary negligence on the part of the defendant; that the court erred in the admission of incompetent evidence over defendant's objections; and that the court erred in giving Instructions 9 and 10 and in refusing defendant's requested Instructions numbers 1 and 2, and in failing to instruct the jury on the defendant's theory of the case.

In considering defendant's first contention, we are governed by the long-established rule that in an action of legal cognizance tried to a jury, the verdict and judgment of the trial court will not be disturbed on appeal because of insufficiency of the evidence, if there is any evidence reasonably tending to support such judgment. Dippel v. Murr, Okl., 296 P.2d 169.

Defendant to sustain its contention that there was no showing of primary negligence cites and relies upon numerous cases, among which are: Whitehead v. Erle P. Halliburton, Inc., 190 Okl. 120, 121 P.2d 581; Tweed v. First Nat. Bldg. Corpora-

tion, 203 Okl. 31, 218 P.2d 356; Sears, Roebuck & Co. v. Johnson, 10 Cir., 91 F. 2d 332; F. W. Woolworth Co. v. Williams, 59 App.D.C. 347, 41 F.2d 970, and Owen v. Kitterman, 178 Okl. 483, 62 P.2d 1193.

The plaintiff contends that none of the cases cited by the defendant are applicable to the facts in the instant case, and contends that the factual situation herein is so nearly parallel with the facts in the case of Safeway Stores v. Whitehead, 190 Okl. 464, 125 P.2d 194, that the rule announced therein is controlling in the instant case.

After a careful consideration of the numerous cases cited by the defendant, we conclude that the contention of the plaintiff has merit, and that the Safeway Stores v. Whitehead case, supra, is controlling authority under the facts and factual circumstances in the case at bar. This conclusion requires a narration of and an appraisal of the evidence on the issue of primary negligence; keeping in mind the rule announced in Safeway Stores v. Whitehead, supra, that a storekeeper owes customers the duty to exercise ordinary care to keep aisles, passageways and such other parts of the premises as are ordinarily used by customers in a reasonably safe condition, and to warn customers of dangerous conditions upon premises which are known or which reasonably should be known to the storekeeper, but not to customers; that a storekeeper is not an insurer; and that the question of whether, in a given case, the storekeepr has been negligent in respect to his duty is usually a question of fact for the jury.

The evidence in this case reveals that the plaintiff went into the defendant's place of business; while there in one of their main aisles slipped on a slick place in the floor and fell. There is no question but what the floor was slick, and on the main aisle in defendant's place of business, as is shown by the following questions propounded to plaintiff:

"Q. What happened to you there? Just tell this jury. A. Well, I just stepped on a slick floor, and my foot

slipped just like you would step on ice, and down I went.

"Q. Was any debris or paper or banana peeling there? A. No, about all I could tell you about was the floor was slick. When I went to get up with my right hand I could feel the floor felt wet and damp and felt slick, so that is all I can tell you."

The companion of the plaintiff who was present at the time the plaintiff slipped and fell testified that the floor was slick. The following questions were asked and answered by her:

"Q. All right, did you view the place where she had fallen? A. Yes, I viewed it.

"Q. Tell the jury what you saw. A. Well, it was just slick, and you could see where she had fell; slick.

"Q. Did you see any marks? A. Yes.

"Q. What kind? A. Where her foot had slipped there."

A Mrs. Carter who had been employed about twenty-seven years as a janitress and was experienced in the use of Myco-Sheen, which was admittedly the substance used by the defendant in cleaning and shining the store floor, was called as a witness for plaintiff. She was asked:

"Q. Well, now, is this substance, after it's applied on the floor, if it isn't taken care of, is it slippery? A. It's slippery if you don't take care of it.

"Q. All right, what happens to it, Mrs. Carter, from your experience, where it isn't properly taken care of? A. Well, it is just really slippery because a lot of times if you miss a place —you may miss a little place or something in it, and it's naturally slippery because if you don't get every spot that is in there, and maybe you will leave just a little place about an inch or two inches, well, if you hit it, it's slippery, but if you clean it proper, well, then it isn't slippery."

The plaintiff testified concerning the condition of the store floor when she entered it for shopping purposes, as follows:

"Q. And that's the reason you think it was slick—because you fell? Now isn't that a fact? A. Well, I noticed when I went in the door that the floor had been cleaned; but, after all, you know, you go in lots of places where the floors look oily, but you think nothing about it."

■ The above evidence was in conflict with the testimony of the defendant that the floor had been cleaned and Myco-Sheen applied twelve days before the accident, and that the floor was not oily or slippery or slick. Under this conflicting evidence the jury was justified in concluding that defendant's store floor had been cleaned recently enough that it was observable by an ordinary person walking into the store, and was slippery and dangerous, which fact reasonably should have been known to the storekeeper.

■ Defendant's contention that the court erred in the admission of incompetent evidence over its objections is upon a careful examination of the purportedly objectionable evidence found to be without merit. Likewise, the contentions of error concerning the instructions are without merit. An examination of the instructions given, and the ones refused, demonstrate that the trial court had performed its function in giving instructions which covered the defendant's theory of the case and fairly and amply presented the case to the jury.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and BLACKBIRD and JACKSON, JJ., concur.

HALLEY and WILLIAMS, JJ., dissent.

WILLIAMS, Justice (dissenting).

Defendant, appealing, says the trial court made serious errors, (1), in overruling defendant's demurrer to plaintiff's evidence, and its motion for a new trial; (2), in

admitting opinion evidence of a janitress as an alleged expert without proof of the facts upon which such opinion testimony might properly be based; (3), in inferentially advising the jury she was an "expert" by instructing as to consideration of the evidence of expert witnesses; in instructing the jury as to consideration of such matters as plaintiff's "earning capacity" and other matters when neither such nor her life expectancy had been mentioned in plaintiff's proof, and, (4), in failing to instruct the jury on material issues, in failing to instruct the jury that plaintiff was limited to the charge of negligence alleged in the petition, and in failing to instruct on defendant's theory of the case.

With reference to defendant's second proposition, the argument is made that the witness Carter was asked, "Q.—and if they didn't get it all up, what would be the condition of that spot that they didn't get up after two weeks, from the experience you have had?", and that she was permitted to answer over objection, "A. Well, we usually taken care of our floor and we never had that trouble. But naturally, if oil would stay on the floor, which it has got an oily substance, and if it would stay on the floor, it would be slippery; but we just never did—we usually always cleaned our floors; and that way we just never had any trouble with it." Further argument of similar tenor with reference to similar evidence is advanced.

I believe defendant's position is well taken. The trial court admitted such testimony from the named witness, who was testifying out of order, with the understanding further testimony (presumably tending to establish that someone of defendant's employees left an excess of oil or waxy substances on the floor) would be adduced. Such evidence was not forthcoming.

In 32 C.J.S. Evidence § 552, p. 359, appears the statement that, "As a rule hypothetical questions must be based on facts as to which there is such evidence that a jury might reasonably find they are established * * * ."

As was said by this court in the case of Mead Bros., Inc., v. Watts, 135 Okl. 23, 273 P. 207:

"Hypothetical questions must be based upon facts as to which there is such evidence that a jury might reasonably find that they are established * * *."

In Oklahoma Gas & Electric Co. v. Oliphant, 172 Okl. 635, 45 P.2d 1077, we said almost identically the same thing. See also syllabus paragraph 4 of Cities Service Gas Co. v. Eggers, 186 Okl. 466, 98 P.2d 1114, 1115, 126 A.L.R. 1278, wherein we said:

"When attempting to establish damages caused to a tract of land by the tortious acts of the defendant, it is error to assume, in a hypothetical question, material facts alleged but not theretofore established by competent evidence, but if on cross-examination the hypothetical question is properly stated, the error is cured."

No cure was effected in the trial of this case. As the facts assumed for the purpose of the purported expert witness' testimony went to the very foundation of plaintiff's case and as no evidence of such facts was introduced, it appears the jury could have been actuated, in arriving at its verdict, only by belief in the actuality of the facts assumed, for purposes of her testimony, to exist but never proven.

To my mind defendant has shown itself entitled to a new trial. As in such a new trial other alleged errors complained of would probably not again occur, further treatment of defendant's other propositions in this dissenting opinion is not deemed necessary.

I respectfully dissent.