SAFEWAY STORES, INCORPORATED, a corporation, Plaintiff in Error,

v.

Charles H. KEEF, Defendant in Error.

No. 40478.

Supreme Court of Oklahoma.

July 19, 1966.

Monnet, Hayes, Bullis, Grubb & Thompson, by Henry B. Taliaferro, Jr., Oklahoma City, for plaintiff in error.

Berry & Berry, by Howard K. Berry, Jr., Oklahoma City, for defendant in error.

IRWIN, Justice.

The parties will be referred to as they appeared in the trial court.

On August 21, 1961, at approximately 5:45 P.M., plaintiff, while a customer in defendant's store, allegedly stepped on a piece of banana, slipped and fell, and sustained personal injuries. Thereafter he commenced proceedings to recover damages for the personal injuries sustained as a result of the accident.

At the close of plaintiff's evidence, the trial court overruled defendant's demurrer thereto, and at the close of defendant's evidence, overruled defendant's motion for a directed verdict. The jury returned a verdict for plaintiff and judgment was rendered accordingly. Defendant has appealed from the the order overruling its motion for a new trial.

## PROPOSITION I

Defendant contends the trial court erred in overruling its demurrer to plaintiff's evidence and motion for a directed verdict because there is no evidence of negligence on its part.

To sustain the above proposition defendant argues "there is no evidence that de-fendant had actual notice that the banana was on the floor, i. e., no evidence that defendant either put the banana there or knew before the accident that it was there". Defendant also argues that "there is no evidence that the floor was not swept or inspected. However, such evidentiary analysis is immaterial because of lack of notice evidence * * * lack of any evidence that the banana was on the floor before the fall to be seen by inspection. Such evidence is the necessary foundation for any contention plaintiff might make concerning inspection by defendant's employees".

In support of the above argument defendant cites S. H. Kress & Company v. Thompson, 267 Ala. 565, 103 So.2d 171. In the Kress case the plaintiff contended that the inspection of the premises was performed in a negligent manner, not that defendant negligently failed to inspect the premises, and the court held that if there is evidence which tends to show that a foreign substance has been on the floor for a long while, it is proper for a jury to impute negligence to the defendant for not discovering or removing such foreign substance.

The instant action is not based on the grounds that defendant negligently inspected the premises but that it negligently failed to inspect the premises. In this connection, plaintiff alleged, inter alia, that defendant "failed to inspect its floor at reasonable intervals, so as to discover the banana on the floor, and remove it."

In J. C. Penney Company v. Campbell, Okl., 325 P.2d 1056, we held that a storekeeper owes customers the duty to exercise ordinary care to keep aisles, passageways and such other parts of the premises as are ordinarily used by customers in a reasonably safe condition, and to warn customers of dangerous conditions upon premises which are known or which reasonably should be known to the storekeeper but not customers; that storekeeper is not an insurer; and that the question of whether, in a given case, the storekeeper has

been negligent in respect to his duty is usually a question of fact for the jury.

Plaintiff testified that he entered defendant's store at approximately 5:45 P.M.; that he was looking for the lettuce or vegetable rack and as he turned the corner and took a couple of steps his feet went out and he went down; that defendant's assistant manager (Mr. Latimer) was there immediately and squatted beside him and picked up a piece of banana that was on the floor; that he asked Mr. Latimer what he had fallen on and Mr. Latimer looked at the piece of pulp and said "It appears to be a piece of banana"; that the piece of banana Mr. Latimer first picked up was immediately left of his left foot, about two or three inches; that there was another piece of banana directly in front, a peel; and that the piece of banana was dirty and over-ripe and had been squashed. Plaintiff further testified that " * * * I got up and brushed myself off, where I fell on the floor, brushed my hands. The floor was dirty. I brushed the dirt off my hands and we moved to the front of the store."

Additional evidence introduced established that plaintiff sustained personal injuries as a result of the fall; and there is evidence that the floor of the produce department where plaintiff sustained his accident had not been swept since 8:30 that morning; that there was no customary or routine sweeping of the produce department except in the mornings; that the store manager and produce manager had left the store about 5:00 P.M., and the assistant manager had the day off; that the man in charge of the store was the "third man" or an assistant manager of the store; that he and only five other employees were at the store at the time of the accident; and that none of defendant's employees had policed the area to ascertain if any vegetables or foreign matter had fallen on the floor.

We can only conclude that under the circumstances herein presented, the question as to whether defendant exercised ordinary care in respect to his duty to his customers, and in particular, the plaintiff, was a question of fact for the jury. We therefore hold the trial court did not err in overruling defendant's demurrer to plaintiff's evidence and its motion for a directed verdict.

## PROPOSITION II

Defendant contends the trial court erred in refusing to give the following instruction:

"You are instructed that in order for the plaintiff to recover herein he must have proved by a preponderance of the evidence that the substance which he contends caused him to fall was placed there by the defendant and that its presence on the floor was a breach of the defendant's duty of exercising reasonable and ordinary care toward the plaintiff. If you should find that the substance on the floor was not placed there by the defendant but was dropped or placed on the floor by some other customer or person, then you must find, before the defendant can be liable, that the defendant knew of its presence there and failed to remove it, or that such substance had been there for so long that the plaintiff, in the exercise of reasonable and ordinary care, should have known of its presence and taken steps to remove it."

Defendant cites Safeway Stores, Inc., v. Criner, Okl., 380 P.2d 712; and Owen v. Kitterman, 178 Okl. 483, 62 P.2d 1193. In the Kitterman case we held that in order to impose liability for injury to an invitee by reason of the dangerous condition of the premises, the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it.

Both of the above cases were cited in Safeway Stores, Incorporated v. Feeback, Okl., 390 P.2d 519, where we held that a customer of a retail store injured in a fall caused by slipping on vegetables lying on the store floor may not recover damages from the owner without proof that such

vegetables were negligently left there by the owner or some employee, or had been there for sufficient time after the latter had actual or constructive knowledge thereof to have removed it in the exercise of ordinary care.

In the Feeback case there was evidence that defendant continually attempted to police the floor and pick up produce and anything that would be a hazard. In the instant action, there was evidence that defendant's employees were "instructed that if they see anything on the floor, to pick it up, or sweep if necessary", but there is no evidence the defendant's employees did police the area or had swept the floor since 8:30 that morning.

■ Although it is generally a question of fact for the jury as to whether, under all the circumstances, a dangerous condition has existed long enough so that a reasonable man exercising ordinary care would have discovered it, in our opinion, the trial court did not commit reversible error in failing to give defendant's requested instruction.

■ The material allegations of plaintiff's petition were summarized in the trial court's instructions concerning defendant's action in permitting the banana to fall on the floor and remain there and defendant's failure and negligence in removing it; and defendant's failure to inspect its floors at reasonable intervals so as to discover the banana on the floor and remove it. The trial court also instructed the jury that the burden of proof was upon plaintiff to establish by a preponderance of evidence the material allegations of his petition, and that the injuries, if any, were caused by the defendant's negligence, as alleged, and that plaintiff's injuries were the direct and proximate result thereof. Other instructions were to the effect that defendant was not an insurer of the safety of its business invitees, but that its duty was that of exercising reasonable and ordinary care for their safety; and that if defendant failed to exercise reasonable and ordinary care, the verdict should be for plaintiff.

In Knight v. Estes, Okl., 383 P.2d 879, we held:

"Before the court will reverse a judgment based on the verdict of a jury because of the giving or refusal to give instructions, it must clearly appear that the instructions given or refused have caused a miscarriage of justice. This question is to be determined as much by the evidence before the jury as by the abstract accuracy of the language used or refused."

■ In Samara v. State, Okl., 398 P.2d 89, we held that if the instructions given fully cover the case on trial it is not error to refuse to give one party's requested instruction.

■ We find and hold that the instructions, when the instructions are considered as a whole, correctly stated the applicable law and submitted to the jury the issues involved in the instant proceeding. We further hold that the trial court did not commit reversible error in failing to give defendant's requested instruction set forth above.

Judgment affirmed.

DAVISON, BERRY and LAVENDER, JJ., concur.

WILLIAMS, J., concurs specially.

HALLEY, C. J., JACKSON, V. C. J., and BLACKBIRD and HODGES, JJ., dissent.

WILLIAMS, Justice (concurring specially).

To my mind, it would have been the better practice for the trial court to have given the jury an instruction stating the substance of defendant's requested Instruction No. 5, but leaving out the matter in the objectionable first sentence (requiring the jury to find defendant *placed* the banana on the floor before finding for plaintiff).

Plaintiff, in his brief, in effect states that the defendant, without objection from plaintiff, argued to the jury that the proof

did not show that defendant had notice of the banana on the floor and further that the proof did not show that the banana had been on the floor long enough that defendant's employees should have found and removed it.

Thus it would appear the jury considered the notice issue and the duty of defendant's employees to do such cleaning and make such frequent inspections as it may have determined to have been reasonably necessary to keep the store floor clear of slippery substances.

That being true, the instructions given seem adequate in all respects. Indeed, no objection to them other than the failure to give defendant's requested instruction No. 5 was raised.

I therefore concur specially.

HODGES, Justice (dissenting).

The majority opinion states that this action is based upon the contention of the plaintiff that the defendant "negligently failed to inspect the premises" and that a question of fact was presented for the jury and that the instructions given were sufficient. I agree that the case should have been submitted to the jury, but I am unable to agree that the instructions were sufficient. The opinion appears to hold that because there was a failure of inspection by the defendant, a dangerous condition was created and under such circumstances a requested instruction setting forth the requirement of actual or constructive notice to the defendant of the presence of a foreign substance on the floor was not necessary.

The plaintiff alleged in his petition that the defendant "failed to inspect its floor at reasonable intervals, so as to discover the banana on the floor, and remove it." Based upon this allegation the defendant requested the court to give the following instruction which was refused:

"* * * If you should find that the substance on the floor was not placed there by the defendant but was dropped or placed on the floor by some other customer or person, then you must find, before the defendant can be liable, that the defendant knew of its presence there and failed to remove it, or that such substance had been there for so long that the defendant, in the exercise of reasonable and ordinary care, should have known of its presence and taken steps to remove it."

The defendant was entitled to such an instruction to inform the jury that the burden of proof was on the plaintiff to show that the defendant knew, or should have known, of the presence of the foreign substance. It is a question of fact for the jury to decide whether defendant's negligence in failing to inspect the premises was the proximate cause of plaintiff's injury. Inherent in such a question is the matter of actual or constructive notice to the defendant. In Safeway Stores, Inc. v. Criner, Okl., 380 P.2d 712, we held:

"Unless it is established that customer slipped on store floor through negligence of store owner's employees, or because of condition of which owner had actual or constructive notice, there can be no recovery."

We also held in Owen v. Kitterman, 178 Okl. 483, 62 P.2d 1193, that:

"In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises, the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it."

The majority of the court apparently feel that these cases are not in point because there is evidence in the instant case which shows that the defendant failed to police the area subsequent to 8:30 a. m. on the day of the accident. While this is true, it does not remove the requirement that the defendant must have notice, actual or constructive, of the dangerous condition, or that the jury should be so informed. The instructions given by the trial court in this case omit any reference to the necessity

of notice to the defendants of the existence of the dangerous condition in its store.

Paraphrasing the instructions as to this issue, the jury was told that the plaintiff alleged his injuries were proximately caused by the negligence of the defendant in that it failed to inspect its floor at reasonable intervals, so as to discover the banana on the floor and remove it; that the burden of proof is upon the plaintiff to establish such fact by a preponderance of the evidence; that the defendant owes a duty of providing a reasonably safe place and must use reasonable care under the circumstances to provide a reasonably safe place for its customers; that the defendant owed the plaintiff the duty of exercising reasonable and ordinary care to keep its premises, including the aisles and passageways of the store, in a reasonably safe condition.

From these instructions, the jury could find the defendant was responsible for the plaintiff's injury simply because it failed to conduct an inspection and discover the presence of the foreign substance. This is error. If diligent and timely inspections would not have revealed the presence of the dangerous condition, the failure to make such inspections would not be the proximate cause of the accident.

It is quite possible from the evidence in this case that the banana fell from the produce counter only a short time prior to the occurrence of the accident, and would not have been discovered by the exercise of due diligence on the part of the defendant. On the other hand, there is circumstantial evidence from which reasonable men could conclude that the banana had been present in the aisle for a sufficient length of time to have been discovered by the defendant through the exercise of reasonable prudence. This is an issue of fact upon which the jury should have been instructed.

Contrary to the majority, I am unable to perceive what the verdict of the jury would have been, had it been instructed that the defendant must have actual or constructive notice of the presence of the foreign sub-

stance. The parties are entitled to a trial by jury based upon proper instructions. To preserve this right, I would reverse this case for a new trial. I therefore respectfully dissent.

I am authorized to state that JACKSON, V. C. J., concurs in the views herein expressed.